FILED
CLERK, U.S. DISTRICT COURT

SEP 2 2 2022

CENTRAL DISTRICT OF CALIFORNIA
BY      PSVE              DEPUTY
—IFP Submitted

WAYNE REINER
4301 JAMBOREE ROAD UNIT 245
NEWPORT BEACH, CALIFORNIA 92660
808-936-5035
NO EMAIL

## FOR THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT

## SOUTHERN DIVISION

| | |
|---|---|
| WAYNE REINER<br><br>          Plaintiff,<br><br>vs.<br><br>AMERICAN ARBITRATION, INC ASSOCIATION, COX COMMUNICATIONS CALIFORNIA LLC  INC.<br><br>          Defendant | Case No.: Number<br>8:22-cv-01743-JVS-(DFMx)<br><br>COMPLAINT FOR DISABILITY DISCTIMINATION IN VIOLATION  OF THE AMERICANS WITH DISABILITIES ACT AND CALIFORNIA UNRUH ACT |

PLAINTIFF WAYNE REINER, bring these claims for relief against

defendants AMERICAN ARBITRATION ASSOCIATION INC, AND COX

COMMUNICATIONS  CALIFORNIA LLC INC AND ALLEGE:

### NATURE OF THIS ACTION

1.  Plaintiff Wayne Reiner brings these actions against American

Arbitration Association Inc.  (AAA) and Cox Communications

COMPLAINT FOR DISABILITY DISCTIMINATION IN VIOLATION  OF THE AMERICANS WITH
DISABILITIES ACT AND CALIFORNIA UNRUH ACT - 1

California LLC Inc. (Cox).  Plaintiff allege violations of American with Disabilities Act 42 USC, Sec 12101, et seq and California Unruh Act, Cal Civ Code Sec 51 et seq

2.  Plaintiff filed a civil action against Cox and was subsequently ordered by the Orange County Superior court in Case 30-2019-01063705 to Arbitration on January 21, 2020.

3.  AAA was the required arbitration agent by the Cox user agreement and MANDATED BY COX.

4.  Plaintiff is visually disabled and legally blind. Plaintiff asked for an Accommodation from AAA under the American's with Disabilities  Act  to prepare the Demand for Arbitration  in Large Print and all hard copy documents be mailed to Plaintiff with  large print of 24 font, if possible. AAA refused and refused to send hard copies to Plaintiff. However later correspondence show AAA is capable of large print correspondence just chose not to provide it to Plaintiff.

## JURISDICTION AND VENUE

5.  The Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. Sec 1367(a) Plaintiff's claims pursuant to

COMPLAINT FOR DISABILITY DISCTIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND CALIFORNIA UNRUH ACT - 2

California's Unruh Civil Rights Act, Cal Civ Code Sec 51 et seq. Resolving all state and federal claims in a single action serves the interest of judicial economy, convenience , fairness and without unfair prejudice to the parties.

6. Venue is proper in this District pursuant to 28 U.S.C Secs. 1391(b)(2) and 1391 (c). Defendants conduct discriminatory professional services within the Central, Southern District of California, and events giving rise to Plaintiff's claims have occurred and are occurring in the Central Distract District Southern Division of California.

**PARTIES**

7. PLAINTIFF WAYNE REINER is a disabled senior residing in HUD housing in Orange County. Plaintiff is a person with disabilities as defined by the Americans with Disabilities Act 28 CFR Sec 35.108 (a)(1)

8. Plaintiff has been certified as visually disabled by the State of California along with other disabilities. **See Exhibit A.**

9. Defendant AAA and Cox are a "public entity" for purposes of Title III of the ADA 42 U.S.C. 12131(1).

10. Defendant AAA is corporation headquartered in New Jersey, which overseas thousands of arbitrations as required by Defendant Arbitration clause and enforced by the State Courts of California. The AAA control various substitute court procedures in jurisdictions like California. Defendant Cox is a California Corporation administering Federal licenses

11. COX Communications is a California Limited Liability Corporation operating from San Diego.

12. All Defendants determine "public accommodations" for purposes of Title III 42 U.S.C. Sec 12181(7).

## FACTS COMMON TO ALL CAUSES OF ACTION

13. Plaintiff called the AAA and spoke with representative Justin on November 18, 2019. Plaintiff explained that he was visually disabled (legally blind), was requesting an accommodation under the ADA for large print documents (font 22 or larger), an arbitration location in Orange County as the case was in Orange County Superior Court, and a physical hearing. Also, all

documents needed to be mailed to Plaintiff as Plaintiff could not

read an email. AAA, Justin said no problem and said Plaintiff

could get all the necessary documents off the AAA webpage.

Plaintiff in formed Justin the AAA webpage was not accessible to

Plaintiff. Justin said he would mail the necessary documents to

Plaintiff.

14. Plaintiff asked Justin if there were any forms or instruction to

request an accommodation under the Americans with Disabilities

act. He said "he did not think so".

15. Plaintiff believes he filed the initial arbitration in July of 2020.

(This date is not exact as Plaintiff moved in 2021 and various files

were lost). AAA acknowledged receipt of Plaintiff's demand for

arbitration on December 4, 2020. **EXHIBIT A-1**(by email)

16. Plaintiff received emails on March 5, 2021 with no follow up of

hard copies. **Exhibit B** None of the emailed documents received

by Plaintiff were large print or readable by Plaintiff. Plaintiff

called AAA and asked the AAA representative to read the

documents to Plaintiff as an accommodation under the ADA. The

AAA representative said they could not do that.

17. Plaintiff requested the assistance from his neighbor Jerry Epstein, 94 years of age, with moderate eyesight. Mr. Epstein could assist in reading some of the form but was unable to comprehend the 20 plus pages of instructions.

18. Plaintiff called the AAA and asked if they could provide a large print email. The AAA rep said no.

19. The instructions did not discuss or include in any format requesting accommodations under the ADA,

20. Plaintiff filed the form and it was accepted by the AAA. However, the AAA responded only by email, refused any hard copy letters or documents, assigned an attorney from los Angeles with no consumer law experience specializing in corporate law.

21. Defendants were proceeding forward with the arbitration without Plaintiff being able to read all the documents, and was unable to understand the proceedings.

22. Plaintiff faxed his objections to AAA. AAA said they would find a location in Orange County and a different attorney. However, AAA never did this. AAA refused to provide large print correspondence, or hard copy correspondence. AAA said that

COMPLAINT FOR DISABILITY DISCTIMINATION IN VIOLATION OF THE AMERICANS WITH
DISABILITIES ACT AND CALIFORNIA UNRUH ACT - 6

Plaintiff's request was "highly unusual". Plaintiff asked the caseworker if she had any training under the ADA and she said no.

23. Plaintiff then contacted Cox's attorney to assist. **See Exhibit C**

24. Defendant Cox responded only by email and without any hardcopies to Plaintiff. Plaintiff continued to be uninformed as to the proceedings.

25. Since the AAA was proceeding without Plaintiff's request for accommodation, Plaintiff was forced to withdraw his request for arbitration. **See Exhibit D** and Cox refused any other Arbitrator including JAM which had a whole procedure under the Americans with Disabilities Act. **See Exhibit E**

26. Plaintiff then returned to the Orange County Superior Court at the ADR status update and explained to the Court the problems with AAA and the request for accommodations made by Plaintiff. The judge was very understanding and requested Plaintiff refile, requesting a different case manager.

27. Plaintiff did receive a letter from AAA dated June 17, 2021 (postmarked July 29,2021) from AAA with no enlarged print. **See Exhibit F**

COMPLAINT FOR DISABILITY DISCTIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND CALIFORNIA UNRUH ACT - 7

28. Plaintiff did then call the AAA again and spoke with Justin. Justin suggested that Plaintiff file online. Plaintiff again disclosed his visual disability and that the ADR.org website is not available to the visually disabled . See **Exhibit G**. (only the opinion is attached due to the size of the audit and will be made available later to the court. Justin said he would he forward large print document for Plaintiff to submit.

29. Plaintiff received new filing paperwork on 11/12/2021 postmarked October 18,2021) but it was the same package of documents as previously sent to Plaintiff, small print, no enlarged print. Plaintiff again solicitated the assistance of Mr. Epstein and filed out new paperwork.

30. This was a direct message from the AAA that no real accommodation was forthcoming. The AAA disregarded the needs and rights of disabled participants in the mandatory AAA arbitration process.

31. Plaintiff received a letter dated March 12, 2022 indicating AAA was in receipt of Plaintiff's demand for arbitration Case Number 01-21-0017-5422 and denying the demand as Plaintiff had not

COMPLAINT FOR DISABILITY DISCTIMINATION IN VIOLATION OF THE AMERICANS WITH
DISABILITIES ACT AND CALIFORNIA UNRUH ACT - 8

provided the Cox info because Plaintiff could not adequately read the form **Exhibit H.** AAA did not include a copy of their Demand for Arbitration (available on their website) because they did not have a large print or ADA compliant format available. Plaintiff saw the instruction "if known" on the form and Plaintiff regarded that Cox's info was not needed. Plaintiff had given Cox attorneys name and address and Mr. Miller, Cox's attorney, indicated Plaintiff's form was sufficient.

32. On March 22, 2022 Plaintiff called AAA spoke with AAA representative Mr. Rodriquez. Plaintiff informed Mr. Rodriquez that Plaintiff had been required to file another demand letter as Plaintiff, had left off the party's contact information. Plaintiff told Mr. Rodriquez that the attorney information had been provided. Mr. Rodriquez said that should have been sufficient to proceed. Plaintiff told Mr. Rodriquez that he was visually disabled and was asking for accommodations under the Americans with Disabilities Act. Plain asked him if he knew about the ADA. Mr. Rodriquez said no but said he would transfer me to his supervisors voicemail

COMPLAINT FOR DISABILITY DISCTIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND CALIFORNIA UNRUH ACT - 9

and she would call Plaintiff back. Plaintiff left a lengthy message
about his arbitration, the number, and his requests for
accommodations. Plaintiff never received any telephone call.

33. On April 1, 2022 Plaintiff filed a complaint with the Department of
Justice Civil Rights ADA division. Plaintiff's case was deemed
necessary for review and assigned Case Number .DOJ
162308TKP.(**See Exhibit I**). On about July 1, 2022 Plaintiff
received a telephone from the DOJ casework handling the case he
was very understanding, stating he was disabled himself. However,
the caseworker informed Plaintiff there were over a 100 cases
ahead of him and it would be a while before he could get to
Plaintiff's complaint.

34. In the Court of Judge Meltzer Defendant' Cox's Counsel, Mr.
Philip Miller did state to the Court that Cox did not owe Plaintiff
any responsibility for a large print bill or large print user
agreement. The Court disagreed with Mr. Miller and two months
after Plaintiff requested a large print bill, Plaintiff started receiving

COMPLAINT FOR DISABILITY DISCTIMINATION IN VIOLATION OF THE AMERICANS WITH
DISABILITIES ACT AND CALIFORNIA UNRUH ACT - 10

a large print bill. However, no large print user agreement was

provided.

35. On July 5, 2022 Plaintiff filed an amended Demand for

Arbitration. **See Exhibit J.**

36. AAA failure to acknowledge Plaintiff's amended Demand for

arbitration provides evidence that the AAA has no  policy or

guidelines in place to comply with the Americans with Disabilities

Act and are willfully refusing to process Plaintiff's amended

demand for Arbitration

37. On 7/14/2022  The parties met in Dept 25 with Judge Richard

Oberholzer (retired) . Plaintiff had submitted paperwork including

notice of the pending United States Department of Justice Civil

Rights ADA division review of Plaintiff's complaint of rampant

ADA violations.   Plaintiff also included another copy of the new

Demand for Arbitration. The Judge ignored all this and told

Defendant's counsel to file a Motion to dismiss under CCP

583.420(a)(2)(b). It was as if the Judge had not even read

COMPLAINT FOR DISABILITY DISCTIMINATION IN VIOLATION  OF THE AMERICANS WITH
DISABILITIES ACT AND CALIFORNIA UNRUH ACT - 11

Plaintiff's filing.  Defendant's counsel only referred to a misdated

form. Plaintiff pointed out the attorneys, the California agent for

Service, and the AAA all had received the new arbitration. All

parties had been mailed new copies with a current proof of service,

and faxes. Judge Richard Oberholzer (retired) ignored this and

again directed counsel to prepare a dismissal of the action under

CCP 583.420 (a)(2)(b). The Judge refused to enter his order into

the Court record and refused notice to Plaintiff and even refused to

associate his name with the hearing.

38. After the July 14, 2022 Court ADR hearing Plaintiff did then

request from AAA a verification that the July 5, 2022 arbitration

had been received with another copy of the demand for

arbitration. Plaintiff received no response.(**See Exhibit K**)

39. Plaintiff wrote the AAA a letter dated August 10, 2022 as their

customer service operator was unable to help.  See **Exhibit L.**

40. AAA responded with at least an enlarged font Plaintiff could read

email on August 19, 2022 which shows AAA can respond with

COMPLAINT FOR DISABILITY DISCTIMINATION IN VIOLATION OF THE AMERICANS WITH
DISABILITIES ACT AND CALIFORNIA UNRUH ACT - 12

large print, if it wants to, no previous documents received by Plaintiff had this requested accommodation. **Exhibit M** The letter states that Plaintiff withdrew the arbitration to go with another arbitrator. Plaintiff clearly states the Plaintiff withdrew the arbitration as AAA was proceeding forward without any accommodation to Plaintiff under Plaintiff's ADA requests. Further the letter makes no mention of the multiple amended "demand for arbitration." for case 01-21-0017-5422, and seems to have confused that with Case Number 01-0017-5422 Case 01-22-0003-0606 . I am not sure how an "Assistant Vice President" in the international legal department can make this mistake. Especially with numerous attorneys and entities involved. This just seems as another ploy as AAA is not able to process an arbitration with an ADA accommodation request. AAA, did not respond to the amended Demand for arbitration for 01-21-0017-5422 faxed June 15, 2022, nor did AAA  address the amended demand for arbitration  faxed and mailed  to their attorneys July 5, 2022 , mailed  to their registered agent July 5, 2022. (See attached **Exhibit K.)**

COMPLAINT FOR DISABILITY DISCTIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND CALIFORNIA UNRUH ACT - 13

41. AAA failure to acknowledge Plaintiff's amended Demand for

arbitration provides evidence that the AAA has no  policy or

guidelines in place to comply with the Americans with Disabilities

Act and are willfully refusing to process Plaintiff's amended

demand for Arbitration.


42. At some time in 2022 Cox did terminate the services of AAA and

did hire NAM (National Arbitration  and Mediation. Plaintiff

contacted NAM regarding documents with larger print for the

visually disabled. The NAM representative said "No problem" we

have a specific process for that/ NAM then sent Plaintiff beginning

enlarged documents for the visually disabled. See attached **Exhibit**

**M-1.**


43. As previously stated the AAA has intentionally chosen not to

provide Plaintiff access to their arbitration process.  (NAM cannot

accept Plaintiff's case as it was assigned to AAA.

COMPLAINT FOR DISABILITY DISCTIMINATION IN VIOLATION  OF THE AMERICANS WITH
DISABILITIES ACT AND CALIFORNIA UNRUH ACT - 14

## FIRST CLAIM FOR RELIEF

Violation of Title III of the Americans with Disabilities Act of

1990

42 U.S.C. Sec 12181, et seq

44. Plaintiff allege and incorporate by reference the allegations in the preceding paragraphs.

41, The Cox user agreement and corresponding arbitration clause does exclude claims under the **Americans with Disabilities Act . Wright v. Universal Maritime Service Corp. 525 U.S. 79 (1998)**

.45. Plaintiff allege and incorporate by reference the allegations in the preceding paragraphs.

46. As a public Accommodation which substitute court proceedings into non-court environment is obligated to adhere to Title III of the ADA, which prohibits discrimination against individuals "on the basis of disability in full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation." 42 U.S.C. Sec 12182(a).

47. Title III specifies that unlawful discrimination includes "a failure
to make reasonable modifications in policies, practices or
procedures, when such modifications are necessary to afford such
goods, services, facilities, privileges, advantages, or
accommodations to individuals with disabilities, unless the entity
can demonstrate that making such modifications would
fundamentally alter the nature of such goods, services, facilities,
privileges, advantages, or accommodations. 42 U.S.C. Sec
12182(b)(2)(A)(ii).

48. In violation of Plaintiff's right to be free from disability-based
discrimination, Defendants adopted a policy of not permitting
alternate formats including large print and local venues for
administration of the arbitration hearings.

49. As a proximate result of the unlawful acts described herein,
Plaintiff has suffered and continues to suffer injury.

50. Defendants' unlawful actions were and are intentional, willful
malicious and/or done with reckless disregard to Plaintiff's right
to be free from discrimination based upon his disabilities.

51. Plaintiff is entitled to injunctive and declaratory relief. Including emergency relief. Compensatory damages and   attorney's fee (if incurred) and costs.  Plaintiff's needs are entitled to extraordinary relief in order to avoid dismissal by Orange County Superior Court. When Cox files a motion to dismiss even with everything being filed, fax and mailed with the new arbitration document. There is no doubt Judge Richard Oberholzer (retired) will dismiss this action.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

### CALIFORNIA CIVIL CODE SEC. 51 ET SEQ.

52. Plaintiff allege and incorporate by reference the allegations in the preceding paragraphs.

53. The California Unruh Act usually has a one-year statute of limitations. However, the Cox user Agreement extends this to two years. **(See Exhibit  N)**.

54. Plaintiff called Cox on or about August 22, 2022 to request a large print copy of the user agreement ass Plaintiff's large print  bill

COMPLAINT FOR DISABILITY DISCTIMINATION IN VIOLATION  OF THE AMERICANS WITH
DISABILITIES ACT AND CALIFORNIA UNRUH ACT - 17

disclosed "changes" were being made but did not disclose them on the bill and would not provide a large print copy of the changes. Cox had provided a large print disclosure that the User Agreement had changed but not the user agreement itself. Defendant Cox's attorney submitted to the court a copy of Cox's user agreement. (see **Exhibit N-1**). Even the Court admitted they had a problem reading the user agreement presented.  Plaintiff telephoned Cox and requested a large print user agreement from Mike, he didn't know and transferred Plaintiff to Brian who did not know and transferred Plaintiff to Britney who did not know and transferred Plaintiff to Kimberly who said the only information she had for an enlarged print was to "go to the cox webpage". Another employee said he would send Plaintiff a copy and Plaintiff was responsible to enlarge it.  Which Plaintiff could not do.  DEFENDANT COX'S WEBSITE IS NOT AVAILABLE TO THE VISUALLY DISABLED. (**SEE EXHIBIT O-**only the opinion page of the audit is attached as the  entire audit is too voluminous and will be made available to. The court at a later time,)

COMPLAINT FOR DISABILITY DISCTIMINATION IN VIOLATION  OF THE AMERICANS WITH DISABILITIES ACT AND CALIFORNIA UNRUH ACT - 18

55. The Unruh Civil Rights Act requires that people with disabilities be provided equal access to the accommodation, advantages, facilities, privileges and services of all business establishments of any kind whatsoever. Cal Civ Code Sec 51 et seq. Further, "a violation of the right of any individual under the Americans with Disabilities Act of 1990(Public Law 101-336)... also constitutes a violation of (the Act)." Cal Civ Code Sec 51 (f).

56. Plaintiff is a person with disabilities under California Government Code Sec. 12926 and CLIFORNIA CIV CODE SEC 51 ET SEQ.

57. Defendants are a business establishment as that term is used in California Civil Code Sec 51 (b) and the administration, development, discrimination, and control of the AAA is an accommodation, advantage, facility, privilege, and service of Defendant's arbitration process of Cox in California.

58. As a proximate result of the unlawful acts described herein, Plaintiff has suffered and continues to suffer injury,

59. Defendants unlawful actions were intentional, willful, malicious and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on their disabilities.

COMPLAINT FOR DISABILITY DISCTIMINATION IN VIOLATION OF THE AMERICANS WITH
DISABILITIES ACT AND CALIFORNIA UNRUH ACT - 19

60. Plaintiff is entitled to emergency injunctive and declaratory relief,
including emergency relief, compensatory damages, attorney's fee
(if incurred) and costs and statutory penalties. Plaintiff's needs are
entitled to extraordinary relief to avoid dismissal under Cal Code
Sec.

## DECLARATORY RELIEF

61. PLAINTIFF ALLEGE AND INCORPORATES BY
REFERENCETHE ALLEGATIONS IN THE PRECEDING
PARAGRAPHS.

62. A present and actual controversy exists between Plaintiff and
Defendants concerning his rights and respective  duties. Plaintiff
contends that AAA and Cox violated  his rights
Under title III of the Americans with Disabilities Act and under
California's Unruh Civil Rights Act. . Plaintiff is informed and
believes and thereon allege, thar Defendants deny these allegations.
Declaratory relief is therefore necessary and appropriate.

63. Plaintiff asks the court to order the AAA to process Plaintiff's
demand for arbitration or provide Plaintiff with a list of items
needed to proceed.

COMPLAINT FOR DISABILITY DISCTIMINATION IN VIOLATION  OF THE AMERICANS WITH
DISABILITIES ACT AND CALIFORNIA UNRUH ACT - 20

Plaintiff seeks a judicial declaration of the rights and duties of the respective parties.

## **INJUNCTIVE RELIEF**

64. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs

65. No plain adequate or complete remedy at law is available to plaintiff to redress the wrongs addressed herein.

66. Plaintiff seeks emergency injunctive relief. If this court does not grant the injunctive relief sought below, Plaintiff will be irreparably harmed.

67. Cox has routinely run off the legal rails and ridicules Plaintiff claiming Plaintiff's action is frivolous.

(Cox arbitration filing). Cox further stated Plaintiff's case was frivolous. However, Judge Melzner had determined it was not and another similar case **See EXHIBIT P** Cox's ranting caught the attention of Mr. Jon Brodkin who authored the attached article. **See Exhibit Q.** It seems there are thousands of Arbitration claims for the same issue as Plaintiff. Plaintiff spoke to attorneys representing hundreds of the AAA claimant against Cox. The attorneys in each

COMPLAINT FOR DISABILITY DISCTIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND CALIFORNIA UNRUH ACT - 21

case said it was not about the money but way Cox had treated their customers many for years and they were fed up. However, in speaking with the attorneys none had any clients who were disabled and were unable to assist with Americans with Disabilities Act and their cases were proceeding forward albeit "very slowly".

## **PRAYER For RELIEF**

68. WHEREFORE, Plaintiff respectfully request this court:

1. Issue emergency injunctive relief dismissing Plaintiff's arbitration

2. Enjoin Defendants from engaging in unlawful discrimination complained of herein;

3. Grant all injunctive relief necessary to bring Defendants into compliance with ADA and California Law;

4. Grant declaratory relief

5. Award treble damages

6. Award statutory minimum damages

COMPLAINT FOR DISABILITY DISCTIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND CALIFORNIA UNRUH ACT - 22

7. Award punitive damages

8. Order Defendants to pay Plaintiff's reasonable attorneys fees (if

   any), expert witness fees, and other costs of this action;

9. Plaintiff welcomes any ADR programs the court feels

   appropriate

10. Grant such other and further relief as the court deems just and

    proper.

**JURY DEMAND**

PLAINTIFF DEMANDS TRIAL BY JURY OF ALL CLAIMS

AND CAUSES OF ACTION SO TRIABLE.

DATED SEPTEMBER 21, 2022

Wayne Reiner

Self-represented

COMPLAINT FOR DISABILITY DISCTIMINATION IN VIOLATION OF THE AMERICANS WITH
DISABILITIES ACT AND CALIFORNIA UNRUH ACT - 23

EXHIBIT A

"WARNING: The illegal use of a disabled parking placard could result in a maximum fine of $4,200."



DISABLED PERSON

PARKING PLACARD

EXPIRES JUNE 30



2023

H 650816

If found or if the placard holder is deceased, return to:
DMV
PO Box 942869 M/S C271
Sacramento, CA 94269-0001

# Social Security Administration
# Benefit Verification Letter

Date: September 13, 2022
BNC#: 22F6036A74445
REF: A, DI

WAYNE R REINER
4301 JAMBOREE RD
UNIT 245
NEWPORT BEACH CA  92660-3075

You asked us for information from your record. The information that you requested is shown below. If you want anyone else to have this information, you may send them this letter.

## Information About Current Social Security Benefits

Beginning December 2021, the full monthly Social Security benefit before any deductions is $788.60.

We deduct $0.00 for medical insurance premiums each month.

The regular monthly Social Security payment is $788.00.
(We must round down to the whole dollar.)

Social Security benefits for a given month are paid the following month. (For example, Social Security benefits for March are paid in April.)

Your Social Security benefits are paid on or about the third of each month.

## Information About Past Social Security Benefits

From December 2020 to November 2021, the full monthly Social Security benefit before any deductions was $744.70.

We deducted $0.00 for medical insurance premiums each month.

The regular monthly Social Security payment was $██████.
(We must round down to the whole dollar.)

## Type of Social Security Benefit Information

You are entitled to monthly retirement benefits.

## Information About Supplemental Security Income Payments

Beginning September 2022, the current Supplemental Security Income payment is $██████

**See Next Page**

EXHIBIT A 1



AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

Western Case Management Center
Neil Currie
Vice President
45 E River Park Place West
Suite 308
Fresno, CA 93720
Telephone: (877)528-0880
Fax: (855)433-3046

December 4, 2020

Richard R. Patch, Esq.
Coblentz, Patch, Duffy & Bass, LLP
1 Montgomery Street
Suite 3000
San Francisco, CA 94104-5500
Via Email to: ef-rrp@cpdb.com

Angela Frazier, Esq.
Cox Communications, Inc.
1400 Lake Hearn Drive
Atlanta, GA 30319
Via Email to: angela.frazier@cox.com

Case Number: 01-20-0015-7535

...lifornia LLC

...ceipt of a Demand for Arbitration between the above named parties and an arbitration clause providing for administration by the American Arbitration Association (AAA). We trust a copy has been sent to Respondent per the Rules. Your case is now assigned to me for administration as the filing requirements have been met.

The **Consumer Arbitration Rules** apply to this matter. We are in receipt of a court order compelling arbitration. Accordingly, we are proceeding on that basis.

## Answer

- The Respondent has until December 18, 2020 to file an answer to the claim.
- Answers received after the due date will still be provided to the arbitrator.
- Please reference the Rules if filing a counterclaim.
- Per Consumer Rule R-2(e) "If no answer is filed within 14 calendar days, the AAA will assume that the respondent does not agree with the claim filed by the claimant."

## Initial List of People Form

- Please complete and return the enclosed Initial List of People Form by December 18, 2020. Further instructions are provided on the enclosed reference sheet as well as on the Initial List form.

## Hearing Type and Locale of In-Person Hearing

- If an in-person hearing is to be held, the requested hearing locale is Newport Beach, California. Please refer to the Consumer Arbitration Rules for information regarding the Fixing of Locale (the city, county, state, territory and/or country where the arbitration will take place).
- If no disclosed claim or counterclaim exceeds $25,000, the matter shall be resolved by the Procedures for the Resolution of Disputes through Document Submission contained in the Consumer Arbitration Rules, unless a party asks for a hearing or the arbitrator decides that a hearing is necessary.

## CA CCP §1282.4

- Your attention is directed to California Code of Civil Procedure Section 1282.4, regarding representation by an attorney not licensed to practice in the State of California. Please refer to the State Bar of California website if you need a certification form as described in the statute. Admissions requirements, Out of State Attorney Arbitration Counsel FAQ, and other information may be found at: The State Bar of California.

## The Costs of Arbitration effective November 1, 2020

- Pursuant to section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit to the Association a declaration under oath regarding your monthly income and the number of persons in your household. Please contact the undersigned if you have any questions regarding the waiver of administrative fees.
- In cases before a single arbitrator where the consumer is the Claimant, a nonrefundable filing fee, capped in the amount of $200, is payable in full by the consumer when a case is filed unless the parties' agreement provides that the consumer pay less. A nonrefundable filing fee of $300 is payable by the business once the consumer claimant meets the filing requirements, unless the parties' agreement provides that the business pay more.
- A non-refundable Case Management Fee of $1,400 for 1 arbitrator or $1,775 for 3 arbitrators will be assessed to the business upon the appointment of the arbitrator.

## Amounts Paid or Due

- $300 is now due from the Business and an invoice will separately follow. Please reference the invoice for payment options.
- Payment is due thirty days from the date of this letter, on or before January 4, 2021. As this arbitration is subject to California Code of Civil Procedure 1281.97 and 1281.98, payment must be received by February 3, 2021. The AAA will not grant any extensions to this payment deadline.

## Cybersecurity and Privacy

- Please review the enclosed *AAA-ICDR® Best Practices Guide for Maintaining Cybersecurity and Privacy*, and *AAA-ICDR® Cybersecurity Checklist*.

## Online Settlement Tool and Mediation

- We invite you to utilize the AAA WebFile® Online Settlement Tool, which affords you the ability to engage in online settlement negotiations. Through this tool the parties can submit offers and counteroffers, as well as reject or accept these offers. Resolving the dispute through the Online Settlement Tool prior to the appointment of the arbitrator saves the parties money by avoiding the need to pay further AAA

# EXHIBIT B



AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

Western Case Management Center
Neil Currie
Vice President
45 E River Park Place West
Suite 308
Fresno, CA 93720
Telephone: (877)528-0880
Fax: (855)433-3046

December 4, 2020

Richard R. Patch, Esq.
Coblentz, Patch, Duffy & Bass, LLP
1 Montgomery Street
Suite 3000
San Francisco, CA 94104-5500
Via Email to: ef-rrp@cpdb.com

Angela Frazier, Esq.
Cox Communications, Inc.
1400 Lake Hearn Drive
Atlanta, GA 30319
Via Email to: angela.frazier@cox.com

Case Number: 01-20-0015-7535

Wayne Reiner
-vs-
Cox Communications California LLC

Dear Parties:

This will acknowledge receipt of a Demand for Arbitration between the above named parties and an arbitration clause providing for administration by the American Arbitration Association (AAA). We trust a copy has been sent to Respondent per the Rules. Your case is now assigned to me for administration as the filing requirements have been met.

The **Consumer Arbitration Rules** apply to this matter. We are in receipt of a court order compelling arbitration. Accordingly, we are proceeding on that basis.

## Answer

- The Respondent has until December 18, 2020 to file an answer to the claim.
- Answers received after the due date will still be provided to the arbitrator.
- Please reference the Rules if filing a counterclaim.
- Per Consumer Rule R-2(e) "If no answer is filed within 14 calendar days, the AAA will assume that the respondent does not agree with the claim filed by the claimant."

## Initial List of People Form

- Please complete and return the enclosed Initial List of People Form by December 18, 2020. Further instructions are provided on the enclosed reference sheet as well as on the Initial List form.

## Hearing Type and Locale of In-Person Hearing

- If an in-person hearing is to be held, the requested hearing locale is Newport Beach, California. Please refer to the Consumer Arbitration Rules for information regarding the Fixing of Locale (the city, county, state, territory and/or country where the arbitration will take place).
- If no disclosed claim or counterclaim exceeds $25,000, the matter shall be resolved by the Procedures for the Resolution of Disputes through Document Submission contained in the Consumer Arbitration Rules, unless a party asks for a hearing or the arbitrator decides that a hearing is necessary.

## CA CCP §1282.4

- Your attention is directed to California Code of Civil Procedure Section 1282.4, regarding representation by an attorney not licensed to practice in the State of California. Please refer to the State Bar of California website if you need a certification form as described in the statute. Admissions requirements, Out of State Attorney Arbitration Counsel FAQ, and other information may be found at: The State Bar of California.

## The Costs of Arbitration effective November 1, 2020

- Pursuant to section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit to the Association a declaration under oath regarding your monthly income and the number of persons in your household. Please contact the undersigned if you have any questions regarding the waiver of administrative fees.
- In cases before a single arbitrator where the consumer is the Claimant, a nonrefundable filing fee, capped in the amount of $200, is payable in full by the consumer when a case is filed unless the parties' agreement provides that the consumer pay less. A nonrefundable filing fee of $300 is payable by the business once the consumer claimant meets the filing requirements, unless the parties' agreement provides that the business pay more.
- A non-refundable Case Management Fee of $1,400 for 1 arbitrator or $1,775 for 3 arbitrators will be assessed to the business upon the appointment of the arbitrator.

## Amounts Paid or Due

- $300 is now due from the Business and an invoice will separately follow. Please reference the invoice for payment options.
- Payment is due thirty days from the date of this letter, on or before January 4, 2021. As this arbitration is subject to California Code of Civil Procedure 1281.97 and 1281.98, payment must be received by February 3, 2021. The AAA will not grant any extensions to this payment deadline.

## Cybersecurity and Privacy

- Please review the enclosed *AAA-ICDR® Best Practices Guide for Maintaining Cybersecurity and Privacy,* and *AAA-ICDR® Cybersecurity Checklist.*

## Online Settlement Tool and Mediation

- We invite you to utilize the AAA WebFile® Online Settlement Tool, which affords you the ability to engage in online settlement negotiations. Through this tool the parties can submit offers and counteroffers, as well as reject or accept these offers. Resolving the dispute through the Online Settlement Tool prior to the appointment of the arbitrator saves the parties money by avoiding the need to pay further AAA

## Hearing Type and Locale of In-Person Hearing

- If an in-person hearing is to be held, the requested hearing locale is Newport Beach, California. Please refer to the Consumer Arbitration Rules for information regarding the Fixing of Locale (the city, county, state, territory and/or country where the arbitration will take place).
- If no disclosed claim or counterclaim exceeds $25,000, the matter shall be resolved by the Procedures for the Resolution of Disputes through Document Submission contained in the Consumer Arbitration Rules, unless a party asks for a hearing or the arbitrator decides that a hearing is necessary.

## CA CCP §1282.4

- Your attention is directed to California Code of Civil Procedure Section 1282.4, regarding representation by an attorney not licensed to practice in the State of California. Please refer to the State Bar of California website if you need a certification form as described in the statute. Admissions requirements, Out of State Attorney Arbitration Counsel FAQ, and other information may be found at: The State Bar of California.

## The Costs of Arbitration effective November 1, 2020

- Pursuant to section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit to the Association a declaration under oath regarding your monthly income and the number of persons in your household. Please contact the undersigned if you have any questions regarding the waiver of administrative fees.
- In cases before a single arbitrator where the consumer is the Claimant, a nonrefundable filing fee, capped in the amount of $200, is payable in full by the consumer when a case is filed unless the parties' agreement provides that the consumer pay less. A nonrefundable filing fee of $300 is payable by the business once the consumer claimant meets the filing requirements, unless the parties' agreement provides that the business pay more.
- A non-refundable Case Management Fee of $1,400 for 1 arbitrator or $1,775 for 3 arbitrators will be assessed to the business upon the appointment of the arbitrator.

## Amounts Paid or Due

- $300 is now due from the Business and an invoice will separately follow. Please reference the invoice for payment options.
- Payment is due thirty days from the date of this letter, on or before January 4, 2021. As this arbitration is subject to California Code of Civil Procedure 1281.97 and 1281.98, payment must be received by February 3, 2021. The AAA will not grant any extensions to this payment deadline.

## Cybersecurity and Privacy

- Please review the enclosed *AAA-ICDR® Best Practices Guide for Maintaining Cybersecurity and Privacy,* and *AAA-ICDR® Cybersecurity Checklist.*

## Online Settlement Tool and Mediation

- We invite you to utilize the AAA WebFile® Online Settlement Tool, which affords you the ability to engage in online settlement negotiations. Through this tool the parties can submit offers and counteroffers, as well as reject or accept these offers. Resolving the dispute through the Online Settlement Tool prior to the appointment of the arbitrator saves the parties money by avoiding the need to pay further AAA

administrative fees and arbitrator compensation.  For a step-by-step guide, please see the Online Settlement Tool Guide located on our website's Consumer landing page, www.adr.org/consumer.
- Mediation is available to the parties at any time prior to the issuance of the award. If you would like more information about the AAA's mediation services please contact me or visit AAAMediation.org.

**Small Claims Court Option**

- We draw your attention to R-9 of the Consumer Arbitration Rules. If a party's claim is within the jurisdiction of a small claims court, either party may choose to exercise the small claims option. If either party would like this matter decided by a small claims court, please send your written request to the case administrator and copy all other parties.  If the parties disagree over whether the claim is within the jurisdiction of a small claims court, the case will proceed in arbitration and the arbitrator may make a final determination on whether the claim may proceed to small claims court.

**Next Administrative Step**

- The AAA will administratively appoint an Arbitrator from the National Roster and we will provide you with the completed arbitrator appointment documents.
- Upon appointment of the arbitrator, the Case Management Fee is due from the Business.
- Please advise if arbitrator appointment should occur promptly after the time for filing an Answer. Otherwise, the AAA will allow you time for discussion and possible settlement.

Please review the enclosed Consumer Arbitration Reference Sheet for more information about topics, such as AAA WebFile® and Cybersecurity and Privacy.  Also, view our website at www.adr.org for additional information regarding the administration process.

The AAA appreciates the opportunity to assist you with your dispute resolution needs.

Sincerely,

/s/ Janelle A. Manuel
Case Administrator
Direct Dial: (559)490-1887
Email: JanelleManuel@adr.org
Fax: (855)433-3046

Supervisor Information: *Terri Martinez, Manager of ADR Services, (559) 490- 1871, MartinezT@adr.org*

Enclosures

Cc:    Karen S. Manley, Esq.
       Chasity D. Holland-Jones

# AAA Provider Organization Disclosure Report

01-20-0015-7535

**Representative:** Chasity Holland-Jones

**Case Status: Closed**

| Record Number | | | | Closing Date | Award Amount | ADR Process |
|---|---|---|---|---|---|---|
| **Record 1** | | | | 08/21/2020 | N/A | Arbitration |
| Party #1 | Claimant | Type: Claimant | Prevailed: N/A | | Rep: | Self-represented Consumer |
| Party #2 | Cox Communications, Inc. | Type: Respondent | Prevailed: N/A | | Rep: | Karen Manley, Chasity Holland-Jones, Angela Frazier |
| **Record 2** | | | | 09/14/2020 | N/A | Arbitration |
| Party #1 | Claimant | Type: Claimant | Prevailed: N/A | | Rep: | Self-represented Consumer |
| Party #2 | Cox Communications, Inc. | Type: Respondent | Prevailed: N/A | | Rep: | Karen Manley, Chasity Holland-Jones, Non-Attorney Business Representative |
| **Record 3** | | | | 09/15/2020 | N/A | Arbitration |
| Party #1 | Claimant | Type: Claimant | Prevailed: N/A | | Rep: | Self-represented Consumer |
| Party #2 | Cox Communications, Inc. | Type: Respondent | Prevailed: N/A | | Rep: | Karen Manley, Chasity Holland-Jones, Non-Attorney Business Representative |
| **Record 4** | | | | 11/19/2020 | N/A | Arbitration |
| Party #1 | Claimant | Type: Claimant | Prevailed: N/A | | Rep: | Self-represented Consumer |
| Party #2 | Cox Communications, Inc. | Type: Respondent | Prevailed: N/A | | Rep: | Karen Manley, Chasity Holland-Jones, Non-Attorney Business Representative |
| **Record 5** | | | | 09/11/2020 | N/A | Arbitration |
| Party #1 | Claimant | Type: Claimant | Prevailed: N/A | | Rep: | Self-represented Consumer |
| Party #2 | Cox Communications, Inc. | Type: Respondent | Prevailed: N/A | | Rep: | Karen Manley, Chasity Holland-Jones, Non-Attorney Business Representative |
| **Record 6** | | | | 09/25/2020 | N/A | Arbitration |
| Party #1 | Claimant | Type: Claimant | Prevailed: N/A | | Rep: | Self-represented Consumer |
| Party #2 | Cox Communications, Inc. | Type: Respondent | Prevailed: N/A | | Rep: | Karen Manley, Chasity Holland-Jones, Non-Attorney Business Representative |
| **Record 7** | | | | 11/05/2020 | N/A | Arbitration |
| Party #1 | Claimant | Type: Claimant | Prevailed: N/A | | Rep: | Self-represented Consumer |
| Party #2 | Cox Communications, Inc. | Type: Respondent | Prevailed: N/A | | Rep: | Non-Attorney Business Representative, Non-Attorney Business Representative, Angela Frazier |
| **Record 8** | | | | 12/18/2020 | N/A | Arbitration |
| Party #1 | Claimant | Type: Claimant | Prevailed: N/A | | Rep: | Self-represented Consumer |
| Party #2 | Cox Communication | Type: Respondent | Prevailed: N/A | | Rep: | Karen Manley, Angela Frazier, Non-Attorney Business |

Record numbers listed are used purely to separate the cases listed on the report and are not reflective of the actual case identification numbers used in connection with AAA administration.

# AAA Provider Organization Disclosure Report

01-20-0015-7535

**Party: Wayne Reiner**

**Case Status: Pending**

| Record Number | | | | Closing Date | Award Amount | ADR Process |
|---|---|---|---|---|---|---|
| Record 1 | | | | | N/A | Arbitration |
| Party #1 | Claimant | Type: Claimant | Prevailed: N/A | | Rep: | Zack Schenkkan, Andrew Schapiro, Keller Lenkner LLC, Warren Postman, Brett Walker, Justin Griffin, Quinn Emanuel Urquhart Oliver & Hedges |
| Party #2 | A2Z Development Center, Inc. Amazon.com | Type: Respondent | Prevailed: N/A | | Rep: | Adrienne Florida, Other |
| | | | | | Rep: | Adrienne Florida, Other |
| Record 2 | | | | | N/A | Arbitration |
| Party #1 | Wayne Reiner | Type: Claimant | Prevailed: N/A | | Rep: | Self-represented Consumer |
| Party #2 | Cox Communications California LLC | Type: Respondent | Prevailed: N/A | | Rep: | Angela Frazier, Non-Attorney Business Representative, Non-Attorney Business Representative |

| Pending Cases: 2 | Arbitration Cases: 2 | Mediation Cases: 0 |
|---|---|---|
| **Total Cases: 2** | **Arbitration Cases: 2** | **Mediation Cases: 0** |

Record numbers listed are used purely to separate the cases listed on the report and are not reflective of the actual case identification numbers used in connection with AAA administration.

# Notice of Compensation Arrangements

**Failure to Disclose and Forfeiting Compensation**

As an arbitrator in this matter, you have an ongoing obligation to disclose any direct or indirect relationship with the case participants. Your failure to make disclosures in a timely manner would be a serious transgression and may be grounds for your removal as arbitrator from this case and/or from the AAA's Roster. Should this occur, you may be required to forfeit the compensation for the time you spent on this matter after you should have made such disclosures.

**IRS Reporting Requirement (For U.S. Residents)**

Compensation payments, and the corresponding IRS reporting, will be made either to you individually (attributed to your Social Security Number) or to your employer (attributed to the Employer Identification Number), based on the preference you indicated and as recorded in your panel record. If you are unsure of your current payment preference, you may contact your case administrator or AAA Panel Relations. Promptly inform the AAA if this information is incorrect or changes during the case, or if an address correction is necessary.

If the AAA does not have the payee's tax information on record, we must withhold 31% of compensation payments, as required by the IRS. Reimbursements of expenses are not subject to withholding and are not reported to the IRS.

Please note that in accordance with Section 7 of the *Standards and Responsibilities for Members of the AAA Roster of Arbitrators and Mediators*, compensation AAA Panelists receive on an AAA-administered case will not be disbursed by the AAA to another ADR Provider Organization. If the undersigned is not on the AAA Roster, this provision is not applicable.

**IRS Reporting Requirement (For Non-U.S. Residents)**

Compensation payments, and the corresponding IRS reporting, will be made either to you individually (attributed to your Social Security Number) or to your employer (attributed to the Employer Identification Number), based on the preference you indicated and as recorded in your panel record. If you are unsure of your current payment preference, you may contact your case administrator or AAA Panel Relations. Promptly inform the ICDR if this information is incorrect or changes during the case, or if an address correction is necessary.

If the ICDR does not have the payee's tax information on record, we must withhold 31% of compensation payments, as required by the IRS.

Please also note that if you reside outside of the United States and perform work (e.g., attending a hearing) in the United States you are required by the IRS to complete either Form 8233 (Exemption from Withholding on Compensation for Independent Personal Services of a Nonresident Alien Individual) or Form W-BEN (Certificate of Foreign Status of Beneficial Owner for United States Tax Withholding). These forms have to be completed and filed with the ICDR annually regardless if a copy is on file. Failure to file these forms with the ICDR will result in withholding 31% of compensation payments, as required by IRS. Reimbursements of expenses are not subject to withholding and are not reported to the IRS.

**Acknowledgement**

If you are willing to serve on this matter per the compensation terms detailed above, please check the box below and proceed with completing your oath.

 **I acknowledge the terms of compensation for this case.**

(lka)

# Notice of Compensation Arrangements

**Consumer Arbitration Rules Fixed Rates**

On cases administered under the Consumer Arbitration Rules, the AAA has established fixed rates with the expectation the case should not require more than one day of hearing. If during the preliminary management hearing you determine that this matter requires more than one day of hearing, please consult with your case administrator about billing for the additional day(s). This case will remain under the Consumer Arbitration Rules regardless of the number of days of hearing or the amount or complexity of any claim. Under the Consumer Arbitration Rules you receive no compensation for study time, travel time, or cancellations.

**Your Expenses**

On most cases, your expenses should be nominal and will be reimbursed immediately after you submit them. For any single expense over $75, please include a receipt with your request for reimbursement.

If you anticipate that you will incur significant expenses, such as airfare or hotel room costs, please advise your case administrator in advance so that the parties can be asked to make deposits prior to you incurring the expense.

**Deposits and Payment**

Payment for your compensation is the obligation of the parties and it is understood that the American Arbitration Association has no liability, direct or indirect, for such payment. During the course of the proceeding the case administrator will ask that you provide an estimate of the amounts needed to cover your fees. Generally this occurs immediately after the preliminary hearing, although on longer or more complex cases it can occur immediately upon appointment or after each series of hearings.

Unless you specify otherwise, the parties are advised that deposits are due 30 days prior to the first hearing. No later than two weeks prior to the hearing, the case administrator will advise you of the total amount on deposit. Should the parties fail to make deposits in a timely manner, you must determine whether to go forward, suspend or terminate the proceedings until such time as deposits have been made. Please see the applicable rules for Remedies for Nonpayment (i.e., Commercial Rule R-57, Construction Rule R-59, and Consumer Rule R-54). If you decide to go forward without full deposits, you may not subsequently delay the rendering of the award for lack of payment of your fees. *The time to deal with this issue is prior to the commencement of the hearings*. Should you decide to suspend the proceedings, your case administrator can assist you in issuing an appropriate order to the parties.

If you realize that you are spending more time on this matter than you originally estimated, it is your obligation to inform the case administrator <u>prior to exhausting the current deposit</u>. The case administrator will then make arrangements with the parties for additional deposits per your instructions.

In order to receive payment, please submit bills promptly. Your bills should be submitted in a format that is presentable to the parties, should detail the dates on which the charges were incurred with a description of the activity performed, and must correspond with the terms of compensation outlined herein. Bills should be submitted on a regular basis, as appropriate, and should reflect any balance forward. Upon receipt, the AAA will release payment from the amounts deposited by the parties. Should there be insufficient funds on deposit you will not receive payment until the parties have made additional deposits. Further, we will not use one party's deposit to cover another party's obligation without written permission to do so.

In the event your Award is delivered prior to payment by the parties of the agreed upon compensation, the AAA is authorized but not obligated to seek to collect these monies on your behalf by all lawful means, to represent you in any action or proceeding for such recovery and to file a claim in any bankruptcy or insolvency proceeding for such monies. The AAA may prosecute and receive any recovery on your behalf and has full authority to compromise or settle such claims as may be, in its discretion, appropriate. However, under no circumstances whatsoever will the AAA be liable for any failure to collect any or all the monies due. The AAA is authorized to subtract a reasonable amount for collection and attorney's fees.

EXHIBIT C

```
      ***********************************
      ***     TX Result Report     ***
      ***********************************

              Sending is complete.

      Job Number                   0321
      Address                      14159891663
      Name
      Start Time                   05/06 10:42 AM
      Call Length                  00'42
      Sheets                       2
      Result                       OK
```

WAYNE REINER
4301 JAMBOREE RD. UNIT 245
NEWPORT BEACH, CA. 92660
8089365035
MAY 6, 2021

Mr. Philip Miller

Coblentz, Patch,Duffy

One Montgomery Street Suite 3000

San Francisco, Ca 94104

By FAX 415-989-1663

RE:REINERV COX COMMUNICATIONS 30-2019=01963705

Dear Mr. Miller:

As you are aware Judge Melzner did order this case to arbitration.

The Judge ordered Arbitration but did not specify any one service.

I filed for arbitration with the American Arbitration after speaking with the AAA representative wherein I stated I had a disability and requested an accommodation that the Arbitration be face to face and in Orange County/Newport Beach and I receive hard copies of documentation. She said no problem and I filed with AAA.

Things have gone completely contrary to these

WAYNE REINER
4301 JAMBOREE RD. UNIT 245
NEWPORT BEACH, CA. 92660
8089365035
MAY 6, 2021

Mr. Philip Miller
Coblentz, Patch,Duffy
One Montgomery Street Suite 3000
San Francisco, Ca 94104

By FAX 415-989-1663
RE:REINERV COX COMMUNICATIONS 30-2019=01963705

Dear Mr. Miller:

As you are aware Judge Melzner did order this case to
arbitration.
The Judge ordered Arbitration but did not specify any one
service.
I filed for arbitration with the American Arbitration after
speaking with the AAA representative wherein I stated I had a
disability and requested an accommodation that the Arbitration
be face to face and in Orange County/Newport Beach and I
receive hard copies of documentation. She said no problem and
I filed with AAA.
Things have gone completely contrary to these
representations.

I have asked for hard copies of the email be sent to me. The AAA has not provided me this accommodation for my disability.

AAA has appointed an attorney from Encino, Ca to our case. I told AAA I have never been to Encino and have no way to get to Encino. I asked why they didn't just appoint an Orange County attorney. She did not know.

I spoke with the AAA representative on May 3, 2010. I explained my disability. I explained my reasonable requests for hard copies and, a location in Orange county. She termed my "unusual". She said she was busy and would call me back and never did.

I would like to switch from AAA to JAMS. I have spoken with JAMS who has an office in Irvine and would "easily" accommodate my requests. I was going to make a motion to withdraw from AAA with the court. Legal Aid in Orange County suggested that I ask you to agree to this change from the AAA to JAMS. I would like you to agree to the switch.

Sincerely,


Wayne Reiner

AAA has appointed an attorney from Encino, Ca to our case. I told AAA I have never been to Encino and have no way to get to Encino. I asked why they didn't just appoint an Orange County attorney. She did not know.

I spoke with the AAA representative on May 3, 2010. I explained my disability. I explained my reasonable requests for hard copies and, a location in Orange county. She termed my "unusual". She said she was busy and would call me back and never did.

I would like to switch from AAA to JAMS. I have spoken with JAMS who has an office in Irvine and would "easily" accommodate my requests. I was going to make a motion to withdraw from AAA with the court. Legal Aid in Orange County suggested that I ask you to agree to this change from the AAA to JAMS. I would like you to agree to the switch.

Sincerely,

Wayne Reiner

EXHIBIT D

05/05/2021 05:11 PM FAX                                                                        ✇00

WAYNE REINER
4301 JAMBOREE RD. UNIT 245
NEWPORT BEACH, CA. 92660
8089365035
May 5, 2021

# AMERICAN ARBITRATION ASSOCIATION
# BY FAX 866 644 0234

# CASE : REINER V COX 01 20 0015 7535

Dear Sir/Madame:

I hereby request the application in the above matter for arbitration with the American Arbitration Association be withdrawn. I was the person who initiated the arbitration application.

The reasons are as follows.

1.  Failure to provide requested accommodations for Reiner's disabilities under the American with Disabilities Act and California Unruh Act

2.  Failure to respond or acknowledge Reiner Objections filed

3.  Failure to provide the location and hearing as represented by the Los Angeles representative of the American Arbitration Assoc. when Reiner submitted his request for arbitration

4.  Failure by representative Priscilla to continue AAA discussion on May 3, 2021 when she terminated the telephone call stating she had another matter and would call the next day (May 4, 2021) to continue arbitration discussion.

05/05/2021 05:11 PM FAX

1. Failure to provide requested accommodations for Reiner's disabilities under the American with Disabilities Act and California Unruh Act

2. Failure to respond or acknowledge Reiner Objections filed

3. Failure to provide the location and hearing as represented by the Los Angeles representative of the American Arbitration Assoc. when Reiner submitted his request for arbitration

4. Failure by representative Priscilla to continue AAA discussion on May 3, 2021 when she terminated the telephone call stating she had another matter and would call the next day (May 4, 2021) to continue

5. I have begun discussions with JAMS. Thank you for your attention in this matter.

Sincerely,

Wayne Reiner

EXHIBIT E

2021-05-05 Claimant Fax Correspondence - enlarged.pdf 81 KB

In response to Claimant's 5/5/21 request to withdrawal this matter, Cox states as follows:

Cox does not object to Claimant's request to withdrawal the pending matter; however, Cox notes that its agreement to arbitrate provides for AAA arbitration and Cox does not consent to arbitration before any other entity, including JAMS.

2 Emails

**Wayne Reiner v. Cox Communications California LLC - Case 01-20-0015-7535**

**From:** Proseadministrator8@adr.org
**To:** karen.manley@cox.com , waynereiner@live.com
**Cc:** Angela.Frazier@cox.com , chasity.holland-jones@cox.com
**Date:** Fri, Mar 5, 2021, 2:15 PM

CS138.pdf 104 KB
AAA_ICDR_Standards_of_Conduct_Parties_and_Representatives.pdf 158 KB
Pro_Se_Information_Sheet.pdf 291 KB

Hello,

Please review the attached correspondence regarding the above-referenced case.

Feel free to contact me with any questions, comments or concerns you have related to this matter.

Thank you.



**Pro Se Administrator 8**

American Arbitration Association

E: ProSeAdministrator8@adr.org

adr.org  |  icdr.org  |  aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

# EXHIBIT F



AMERICAN
ARBITRATION
ASSOCIATION®
| INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION

P.O. Box 19609
Johnston, RI 02919

June 17, 2021

Wayne Reiner
4301 Jamboree Road
Unit 245
Newport Beach, CA 92660
Via Mail and Email to: waynereiner@live.com

Karen S. Manley, Esq.
Cox Communications, Inc.
6205B Peachtree Dunwoody Road
Atlanta, GA 30328
Via Email to: karen.manley@cox.com

Case Number: 01-20-0015-7535

Wayne Reiner
-vs-
Cox Communications California LLC

Dear Parties:

*This will supersede our previous correspondence today as we have updated the font size from 11-point font to 13-point font.*

On June 3, 2021, the American Arbitration Association (AAA) reviewed and finalized the billing for this matter and closed this case as settled.

The business has a remaining balance due of $1400 for the Case Management Fee. An invoice that describes payment options is being provided separately. Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the stated closing date.

We appreciate your selection of the AAA as your alternative dispute resolution provider in this matter.

Sincerely,
/s/
*Pro Se Administrator on behalf of*
Pro Se Administrator 8





AMERICAN ARBITRATION ASSOCIATION®
1101 Laurel Oak Road, Suite 100  Voorhees, NJ 08043

Wayne Reiner
4301 Jamboree Road, Unit 245
Newport Beach, CA 92660

fax
805
433
3046

SOUTH JERSEY NJ 080
29 JUL 2022  PM 4  L

92660-30°570

W
-vs
Cox

Dear

*This w*
*point fo*

On June
for this m

The busines
that describe
policy, in the
documents in
complete case
indefinitely, ele

We appreciate yo
matter.

Sincerely,
/s/
*Pro Se Administrato*
Pro Se Administrator

...d the font size fro

...nd finalized the bil

...t Fee. An invoice
...AAA's current
...tain electronic ca
...ot constitute a
...e AAA maintai
...ted closing date

...ovider in this

# EXHIBIT G





WCAG 2.1 Level AA Success Criteria

# COMPLIANCE AUDIT

For adr.org | Verdict: **Semi-compliant**

This audit evaluates the adherence level of **adr.org** as of Sat Aug 20 2022, to the "Web Content Accessibility Guidelines" (WCAG) 2.1 level AA success criteria.

Below you'll find the results for dozens of tests that focus mainly on 3 categories: **screen-reader** adjustments(for blind users), **keyboard navigation** adjustments (for the motor impaired) and **UI, design, and readability** adjustments (for the vision impaired).

# EXHIBIT H

**AMERICAN**
**ARBITRATION**
**ASSOCIATION**
INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION

1101 Laurel Oak Road
Voorhees, NJ 08043

March 12, 2022

Wayne Reiner
4301 Jamboree Road
Unit 245L
Newport Beach, CA 92660
Via Mail

Richard R. Patch, Esq.
Coblentz, Patch, Duffy & Bass, LLP
1 Montgomery Street
Suite 3000
San Francisco, CA 94104-5500
Via Mail

**Case Number: 01-21-0017-5422**

Wayne Reiner
-vs-
Cox Communications California LLC

Dear Parties:

We are in receipt of documents from claimant seeking to initiate arbitration between the above-referenced parties. Claimant's submissions are incomplete; accordingly, the AAA will not proceed with administration. Specifically, claimant failed to submit the following items required to initiate arbitration under the rules:

- **A completed demand, including all the parties' contact information;**

**The AAA has administratively closed its file. Upon receipt of the omitted items, the AAA will reopen a file and proceed with administration.** Kindly reference the case number when re-submitting the demand.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

Please email consumerfiling@adr.org if you have any questions.

Sincerely,

Consumer Filing Team
ConsumerFiling@adr.org

# EXHIBIT I

**U.S. Department of Justice**
Civil Rights Division
*Disability Rights Section*



## Release for Referral to Mediation

202-48-0

Complaint 22DRS-08-

3NJ349

| Complainant Address: | Wayne Reiner 4301 Jamboree Road Unit 245 Newport Beach, CA, 92660 | Phone#: 808-936-5035 Email: Fax: 949-617-5583 |
|---|---|---|
| Respondents Address: | American Arbitration Association 1101 Laurel Oak Road Suite 100 Voorhees, NJ 08043 | Phone #: 800-778-7879 |

# EXHIBIT J

AMERICAN ARBITRATION ASSOCIATION®

**DEMAND FOR ARBITRATION**
**CONSUMER ARBITRATION RULES**

✗ *Plaintiff is a senior (68) and disable*

Complete this form to start arbitration under an arbitration agreement in a contract.

**1. Which party is sending in the filing documents? (check one)** ☒ Consumer ☐ Business

**2. Briefly explain the dispute:** ✗ *Billing Dispute CABLE TV BILL & California Life line billing* *Violation of American with D...* *BPC 17200 et seq. CC 1700 CPC 368  BPC 17200 A... RC1750 et seq CA36...* *CCC 3345, WIC 1560, CC 3345, 3294 CCC 3294 CCC 1572, 1710 CCC 1801b)* *ECS 1785(b)) 42 CFR 64 2400 et... ✗ AND others*

**3. Specify the amount of money in dispute, if any:** $ *MORE THAN $5000 TBD*

**4. State any other relief you are seeking:**

☐ Attorney Fees  ☐ Interest  ☐ Arbitration Costs  ☒ Other; explain: *Statutory penalties*

**5. Identify the requested city and state for the hearing if an in-person hearing is held:**

City: *Newport Beach*          State: Select... *CA*

**6. Please provide contact information for both the Consumer and the Business. Attach additional sheets or forms as needed.**

Consumer: *WAYNE REINER*

Name: *WAYNE REINER*

Address: *4301 Jamboree Rd #245*

City: *Newport Beach,*     State: Select... *CA*     Zip Code: *92660*

Telephone: *888-9365035*     Fax:

Email Address: *NONE*

Consumer's Representative (if known):

Name: *Cox Communications California LLC*

Firm: *Cox Communications California LLC*

Address: *2370 Gateway Oaks Dr #100*

City: *Sacramento*     State: Select.../ *CA*     Zip Code: *95833*

Telephone:          Fax:

Email Address:

Business: *Cox Communications California LLC*

Name: *Cox Communications California LLC*

Address: *2370 GATEWAY OAKS # 100*

City: *Sacramento*     State: Select... *CA*     Zip Code: *95833*

Telephone:          Fax:

Email Address:

**EXHIBIT B**

American Arbitration Association. Case Filing Services, 1101 Laurel

EXHIBIT K



**UNITED STATES**
**POSTAL SERVICE®**

NEWPORT BEACH
1133 CAMELBACK ST
NEWPORT BEACH, CA 92658-9998
(800)275-8777

07/05/2022                          12:39 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| CA Dogface | 3 | $0.88 | $2.64 |
| First-Class Mail® Large Envelope | 1 | | $2.96 |

*items 1-3*
*item 4*
*(see Attached)*

San Francisco, CA 94104
Weight: 0 lb 9.10 oz
Estimated Delivery Date
Fri 07/08/2022

Grand Total:                          $5.60

Credit Card Remitted                  $5.60
   Card Name: AMEX
   Account #: XXXXXXXXXX2005
   Approval #: 884703
   Transaction #: 807
   AID: A000000025010801          Chip
   AL: AMERICAN EXPRESS
   PIN: Not Required

********************************************
Every household in the U.S. is now
eligible to receive a third set
of 8 free test kits.
Go to www.covidtests.gov
********************************************

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device.



or call 1-800-410-7420.

UFN: 055376-0420
Receipt #: 840-59260067-4-4214588-2
Clerk: 11

# MAILING ANALYSIS
## DEMAND FOR ARBITRATION

1. COX COMMUNICATIONS CALIFORNIA
C/O 2710 GATEWAY OAKS
150N
SACRAMENTO, CA. 95833

2. AMERICAN ARBITRATION ASSOS
P.O. BOX 19609
JOHNSON, RI 02919

3. MR. PHILIP MILLER
COBLATZ, OATCH DUFFY
ONE MONTOGOMERY STREET SUITE 3000
SAN FRANCISCO, CA 94104

COURT SUPPLEMENT INCLUDING
DEMAND FOR ARBITRATION
MR PHILIP MILLER
COBLENTZ PATCH DUFFY
ONE MONTGOMERY STREET SUIT 3000
SAN FRANCISCO, CA 94104

WAYNE REINER
4301 JAMBOREE RD. UNIT 245
NEWPORT BEACH, CA. 92660
8089365035
JULY 14, 2022

AMERICAN ARBITRATION ASSCIATION
WEST COAST SERVICE CENTER
BY FAX 855 433 3046

DEAR SIR/MADAME:

There may be some confusion about the arbitration demand I filed. I mailed it on July 5, 2022 see post office receipt. However I may have not dated the paperwork properly. The paperwork was previously dated 119 2021 However I submitted this for on July 5, 2022. Please advise that you have received this document.

Sincerely,

WAYNE REINER

**AMERICAN ARBITRATION ASSOCIATION®**

**DEMAND FOR ARBITRATION**
**CONSUMER ARBITRATION RULES**

*✱ Plaintiff is a senior (68) and disable*

Complete this form to start arbitration under an arbitration agreement in a contract.

**1. Which party is sending in the filing documents?** *(check one)* ☒ Consumer  ☐ Business

*Violation of American with Disabilities Act*

**2. Briefly explain the dispute:** CABLE TV BILL & CALIFORNIA Lifeline billing

Billing Dispute— CABLE TV BILL & CALIFORNIA Lifeline billing
BPC 17200 et seq, CC 1750 CPC 368    BPC 17200 et seq RC1750 et seq CPC368
CC 3345, RIC 1560, CC 3345, 3294, CCC 3294 CCC 1572, 1710, CC 1780 (b)
FCC 1780(b), 42 CFR 64 2400 etc ✱ AND others

**3. Specify the amount of money in dispute, if any:** $ MORE THAN $5000 TBD

**4. State any other relief you are seeking:**
☐ Attorney Fees  ☐ Interest  ☐ Arbitration Costs  ☒ Other; explain: Statutory Penalties

**5. Identify the requested city and state for the hearing if an in-person hearing is held:**
City: Newport Beach    State: Select... CA

**6. Please provide contact information for both the Consumer and the Business. Attach additional sheets or forms as needed.**

Consumer: WAYNE REINER

| | | |
|---|---|---|
| Name: WAYNE REINER | | |
| Address: 4301 Jamboree Rd #245 | | |
| City: Newport Beach | State: Select... CA | Zip Code: 92660 |
| Telephone: 808 936 5035 | Fax: | |
| Email Address: NONE | | |

Consumer's Representative (if known):

| | | |
|---|---|---|
| Name: Cox Communications California LLC | | |
| Firm: Cox Communications California LLC | | |
| Address: 2370 Gateway Oaks Dr. #100 | | |
| City: Sacramento | State: Select... / CA | Zip Code: 95833 |
| Telephone: | Fax: | |
| Email Address: | | |

Business: Cox Communications California LLC

| | | |
|---|---|---|
| Name: Cox Communications California LLC | | |
| Address: 2370 GATEWAY OAKS # 100 | | |
| City: Sacramento | State: Select... CA | Zip Code: 95833 |
| Telephone: | Fax: | |
| Email Address: | | |

American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voor...



AMERICAN ARBITRATION ASSOCIATION®

**DEMAND FOR ARBITRATION**
**CONSUMER ARBITRATION RULES**

| Business' Representative (if known): | | |
|---|---|---|
| Name: Richard Patch | | |
| Firm: Coblentz Patch Duffy & Bass | | |
| Address: One Montgomery Street Suite 3000 | | |
| City: San Francisco | State: Select CA | Zip Code: ~~~~ 94104 |
| Telephone: 415-391-4800 | Fax: 415 989 1663 | |
| Email Address: | | |
| Date: 11-9-2021 7-5-2022 | | |

7. Send a copy of this completed form to the AAA together with:

- A clear, legible copy of the contract containing the parties' agreement to arbitrate disputes;

  The proper filing fee (filing fee information can be found in the Costs of Arbitration section of the Consumer Arbitration Rules); and
  A copy of the court order, if arbitration is court-ordered.

8. Send a copy of the completed form and any attachments to all parties and retain a copy of the form for your records.

To file by mail, send the initial filing documents and the filing fee to: AAA Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043.

To file online, visit www.adr.org and click on File or Access Your Case and follow directions. To avoid the creation of duplicate filings, the AAA requests that the filing documents and payment be submitted together. When filing electronically, no hard copies are required.

Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit a completed Affidavit for Waiver of Fees, available on our website.



voicetools.cox.com

Residential | My Connection | Cox Business | Español

Cox Products ⌄ Customers ⌄ Shopping Cart ⌄

Voice Tools | WebMail | Address Book | Support

Voice Tools

# Voice Tools

Telephone Number:    (949) 617-5583

ⓘ Call History (1 New Calls)

120 Days    All    Missed (0)    Voice Mail (0)

Search

Print    Download

Call history is for informational purposes and does not correspond to billing. Please allow 15 minutes for new activity to appear.

| | | | |
|---|---|---|---|
| ☐ | (714) 842-8181 | 03:30 PM | 08/09/22 | 0:50 |
| ☐ | CalOptima | 04:42 PM | 08/08/22 | 0:45 |
| ☐ | CalOptima | 04:37 PM | 08/08/22 | |

| | | | | | |
|---|---|---|---|---|---|
| Outgoing | - | 415551266 | 12:19 PM | 07/28/22 | 0:00 |
| Outgoing | - | (415) 557-1266 | 12:17 PM | 07/28/22 | 0:45 |
| Outgoing | - | 415551266 | 12:15 PM | 07/28/22 | 0:00 |
| Outgoing | - | (714) 492-8665 | 10:04 AM | 07/22/22 | 0:30 |
| Outgoing | - | (714) 492-8665 | 10:59 PM | 07/21/22 | 0:26 |
| Outgoing | - | (415) 703-1758 | 01:52 PM | 07/21/22 | 2:07 |
| Incoming | IPFax | (714) 492-8665 | 01:18 PM | 07/21/22 | 1:58 |
| Outgoing | - | (800) 652-2666 | 10:32 AM | 07/19/22 | 0:25 |
| Outgoing | - | (800) 652-2666 | 10:21 AM | 07/19/22 | 0:21 |
| Outgoing | - | (800) 652-2666 | 10:20 AM | 07/19/22 | 6:04 |
| Outgoing | - | (415) 703-1758 | 03:25 PM | 07/18/22 | 1:44 |
| Outgoing | - | (808) 936-5035 | 12:48 PM | 07/17/22 | 0:00 |
| Outgoing | - | (855) 433-3046 | 01:53 PM | 07/14/22 | 8:38 |
| Outgoing | - | (855) 433-3046 | 10:56 AM | 07/14/22 | 2:10 |
| Outgoing | - | (415) 989-1663 | 05:39 PM | 07/13/22 | 1:24 |
| Outgoing | - | (562) 997-5727 | 01:59 PM | 07/12/22 | 0:42 |
| Outgoing | - | (562) 997-5727 | 09:21 AM | 07/11/22 | 1:59 |
| Outgoing | - | (415) 864-0378 | 11:06 AM | 07/06/22 | 1:23 |
| Outgoing | - | (760) 433-8751 | 11:00 AM | 07/06/22 | 1:00 |
| Outgoing | - | (415) 989-1663 | 11:27 AM | 07/02/22 | 18:24 |
| Outgoing | - | (415) 989-1663 | 11:26 AM | 07/02/22 | 0:00 |
| Outgoing | - | (415) 989-1663 | 11:00 AM | 07/02/22 | 20:01 |
| Outgoing | - | (949) 720-3944 | 04:02 PM | 07/01/22 | 0:54 |
| Outgoing | - | (850) 487-1007 | 09:12 AM | 06/29/22 | 1:12 |
| Outgoing | - | (866) 418-0232 | 06:35 PM | 06/16/22 | 0:58 |
| Outgoing | - | (866) 418-0232 | 04:37 PM | 06/15/22 | 5:11 |
| Outgoing | - | (866) 418-0232 | 04:30 PM | 06/15/22 | 5:58 |
| Outgoing | - | (866) 418-0232 | 04:28 PM | 06/15/22 | 0:01 |
| Outgoing | - | (877) 304-8457 | 03:54 PM | 06/09/22 | 0:25 |



NEWPORT BEACH
1133 CAMELBACK ST
NEWPORT BEACH, CA 92658-9998
(800)275-8777

07/05/2022                                    12:39 PM
--------------------------------------------------
Product              Qty      Unit       Price
                              Price
--------------------------------------------------
CA Dogface            3      $0.88        $2.64

First-Class Mail®     1                   $2.96
Large Envelope
    San Francisco, CA 94104
    Weight: 0 lb 9.10 oz
    Estimated Delivery Date
        Fri 07/08/2022
--------------------------------------------------
Grand Total:                              $5.60
--------------------------------------------------
Credit Card Remitted                      $5.60
    Card Name: AMEX
    Account #: XXXXXXXXXXX2005
    Approval #: 884703
    Transaction #: 807
    AID: A000000025010801          Chip
    AL: AMERICAN EXPRESS
    PIN: Not Required
--------------------------------------------------

******************************************
Every household in the U.S. is now
eligible to receive a third set
of 8 free test kits.
Go to www.covidtests.gov
******************************************

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

Preview your Mail

# UNITED STATES POSTAL SERVICE.

NEWPORT BEACH
1133 CAMELBACK ST
NEWPORT BEACH, CA 92658-9998
(800)275-8777

07/05/2022                              12:39 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| CA Dogface | 3 | $0.88 | $2.64 |
| First-Class Mail® Large Envelope | 1 | | $2.96 |

    San Francisco, CA 94104
    Weight: 0 lb 9.10 oz
    Estimated Delivery Date
        Fri 07/08/2022

Grand Total:                            $5.60

Credit Card Remitted                    $5.60
    Card Name: AMEX
    Account #: XXXXXXXXXXX2005
    Approval #: 884703
    Transaction #: 807
    AID: A000000025010801          Chip
    AL: AMERICAN EXPRESS
    PIN: Not Required

*******************************************
Every household in the U.S. is now
eligible to receive a third set
of 8 free test kits.
Go to www.covidtests.gov
*******************************************

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device,



or call 1-800-410-7420.

UFN: 055376-0420
Receipt #: 840-59260067-4-4214588-2
Clerk: 11

# EXHIBIT L

WAYNE REINER
4301 JAMBOREE RD. UNIT 245
NEWPORT BEACH, CA. 92660
8089365035
8 10, 2022

AMERICAN ARBITRATION ASSOCIATION
P.O. BOX 19609
JOHNSTON, RI 02919

BT FAX 877  304 8457
855-433-3046

Dear Sir/Madame:

Case #01-20-0015-7535
Reiner v Cox

I previously filed for arbitration as ordered by the court. I am visually disabled and the AAA would not provide me a reasonable accommodation for my disability and I was forced to withdraw the arbitration on March 5, 2021. Your representative phrased the request as "Highly unusual. This caused extreme delay various subjective requirement by the AAA.

As such I am asking you to preserve all the documents from that case as I have filed a complaint with the United Stated Department of Justice, Civil Rights division, American with Disabilities Act and a case has been opened. DOJ Case 162308TKP see attached. The attorneys for Cox have been informed of the Department of Just Complaint.

Case 01-21-0017-5422
Reiner v Cox

Again at the order of the Court Reiner refiled for this arbitration and vague and subjective demands were required and caused significantly delay. Again, with no ADA accommodations.

Please preserve all these documents for the DOJ investigation. Reiner refiled this arbitration by US Mail  On July 5, 2022. Reiner did then also fax the document to AAA.

AAA requested in AAA letter March 22, 2022 a certain document, not provided and not available in accordance with the ADA. Reiner also faxed a confirmation by fax of the refiled case as the court was going to dismiss the arbitration. Reiner received no response.

Case no. 01-22-0003-0606
Reiner v. Cox 2

Reiner filed a second demand for arbitration by fax and received a letter dated July 28, 2022 requiring a copy of the entire user contract. A requirement not previously required and not a part of your instructions sent to Reiner.

Reiner did have a paralegal email the entire cox user agreement but Reiner has received no response.

Further, Reiner made multiple request by email and fax regarding billing none of which have been answered,

I spoke with your Fresno office yesterday and they did not have access to the files. Your representative Justin suggested I mail and email again my inquiry. I stated I did this multiple times with no response. Just said they take a very long time to respond.

Please respond promptly and please maintain all documents for the Department of Justice investigation.

Sincerely,

Wayne Reiner

08/11/2022 11:18AM FAX                        wayne

```
*****************************
***   TX Result Report   ***
*****************************
```

Sending is complete.

| | |
|---|---|
| Job Number | 0020 |
| Address | 8773048457 |
| Name | |
| Start Time | 08/11 11:17 AM |
| Call Length | 01'18 |
| Sheets | 3 |
| Result | OK |



WAYNE REINER
4301 JAMBOREE RD. UNIT 245
NEWPORT BEACH, CA. 92660
8089365035
8 10, 2022

AMERICAN ARBITRATION ASSOCIATION
P.O. BOX 19609
JOHNSTON, RI 02919

BT FAX 877  304 8457
      855-433-3046

Dear Sir/Madame:

Case #01-20-0015-7535
Reiner v Cox

I previously filed for arbitration as ordered by the court. I am visually disabled and the
AAA would not provide me a reasonable accommodation for my disability and I was forced to
withdraw the arbitration on March 5, 2021. Your representative phrased the request as "Highly
unusual. This caused extreme delay various subjective requirement by the AAA.
As such I am asking you to preserve all the documents from that case as I have filed a
complaint with the United Stated Department of Justice, Civil Rights division, American with
Disabilities Act and a case has been opened. DOJ Case 162308TKP see attached. The attorneys
for Cox have been informed of the Department of Just Complaint.

Case 01-21-0017-5422
Reiner v Cox

Again at the order of the Court Reiner refiled for this arbitration and vague and



# EXHIBIT M

Re: Case Nos. 01-20-0015-7535; 01-21-0017-5422; and 01-22-0003-0606

**From:** Adam Shoneck shonecka@adr.org
**To:** 'waynereiner@live.com' waynereiner@live.com
**Date:** Fri, Aug 19, 2022, 8:55 AM
Reiner 8.19.22.pdf 158 KB

# Dear Mr. Reiner:

We are in receipt of your correspondence dated August 10, 2022 and August 15, 2022. We disagree with your characterization of AAA's response to your accommodation requests. We believe that we addressed your requests and provided reasonable accommodation in a timely and appropriate manner.

With respect to Case No. 01-20-0015-7535, in response to your requests for large print or hard copy documents, the case manager prepared our letters and emails using an enlarged font. We also sent enlarged attachments of documents that we received from other participants on the case prior to forwarding them to you. In addition, we sent correspondence to you by both email and regular mail. On May 24, 2021, you advised the AAA that you wanted to withdraw your case and refile with a different administrative arbitration provider. In

response to your request, we closed your arbitration file.

Our records also reflect that you filed another demand for arbitration on or about November 24, 2021 that did not meet our filing requirements. Among other things, the demand did not identify the business to whom the demand was directed. By letter dated January 28, 2022, we advised you that the filing deficiency needed to be cured prior to the AAA proceeding with administration. We further advised you that the matter would be administratively closed if we did not receive the requested information.

Subsequently, you submitted another demand for arbitration on or about June 13, 2022. We acknowledged receipt of that demand, and requested that you provide a full copy of the agreement. We have now received a copy of the agreement. AAA is not the designated administrator under that agreement. Specifically, the contract names NAF as the arbitration provider. For that reason, we are unable to proceed with administration and will be administratively closing that case.

In your August 15, 2022 letter, you have suggested that certain agencie have asked for information concerning AAA staff who worked or your matter. You can have them communicate directly to the AAA's Legal Department at the following address:

American Arbitration Association
120 Broadway, 21st Floor
New York, New York 10271
Attention: Legal Department

Thank you,

Adam Shoneck
Assistant Vice President

A copy of this letter is attached hereto and will be sent to you via USPS.



**Adam Shoneck**
**Assistant Vice President**

American Arbitration Association
International Centre for Dispute Resolution
T: 401 431 4798  F: 866 644 0234  E:
shonecka@adr.org
1301 Atwood Ave, Suite 211N, Johnston, RI
02919
adr.org  |  icdr.org  |  aaamediation.org



0⊅00  SŁOE$OƎ3Z5

AN ARBITRATION ASSOCIATION®

19609, Johnston, RI 02919



U.S. POSTAGE ⟫ PITNEY BOWES

ZIP 02919   $ 001.44⁰
02 4W
0000363494 AUG  19  2022

Wayne, Reiner
4301 Jamboree Road
Unit 245
Newport Beach, CA 92660

82660$3075 C040

AN ARBITRATION ASSOCIATION®

19609, Johnston, RI 02919

U.S POSTAGE ≫ PITNEY BOWES

ZIP 02919
02 4W    $ 001.44⁰
0000363494 AUG  19  2022

Wayne  Reiner
4301 Jamboree Road
Unit 245
Newport Beach, CA 92660



EXHIBIT M 1



NAM (National Arbitratio
Comprehensive Dispute Resolution Rule
990 Stewart A
Gard
Telephon

ν

## NAM COMPREHENSIVE DISPUTE RESOLUTION RULES AND PROCEDUR
## DEMAND FOR ARBITRATION/ARBITRATION NOTICE

## CLAIMANT INFORMATION

Name(s): _____

Contact Person or Counsel: _____

Address: _____

_____

Phone: _____

Fax: _____

Email Address: _____

File/Claim Number: _____

## RESPONDENT INFORMATION

Name(s): _____

Contact Person or Counsel: _____

Address: _____

_____

Phone: _____

# NAM COMPREHENSIVE DISPUTE RESOLUTION RULES AND PROCEDURES
## DEMAND FOR ARBITRATION/ARBITRATION NOTICE

Γ INFORMATION

rson or Counsel: _____

_____

_____

_____

_____

ss _____

Number: _____

ENT INFORMATION

rson or Counsel: _____

_____

_____

_____

ss: _____

Number: _____

e

ENT(S): Please take notice that, pursuant to NAM's Comprehensive Dispute Resolution Rules
which provides for arbitration of disputes arising thereunder, the Claimant identified above **her**
**rbitration of a claim against you.  You have thirty (30) days to serve the Claimant and N**
**ly to this Demand for Arbitration/Arbitration Notice** by messenger service, overnight deliv
nationally recognized courier company or by certified mail.  **If you do not serve the Claimant**
a Reply within 30 days of service of this Notice, the Arbitrator may enter an award against yo

/15

EXHIBIT N

## X. Customer Service Agreement | Cox Communications

**F. Additional Limitations on Cox's Liability for Cox Internet:**

the public Internet is used by numerous persons or entities including, without limitation, other Cox Internet subscribers.

As is the case with all shared networks like the public Internet, there is a risk that you could be subject to eavesdropping. This means that other persons or entities may be able to access and/or monitor your use of Cox Internet. If you post, store, transmit or disseminate any sensitive or confidential information, you do so at your own risk. Neither Cox nor the Cox Related Parties or any of the Cox or Cox Related Parties' agents shall have any liability whatsoever for any claims, losses, actions, damages, suits or proceedings arising out of or otherwise relating to stop actions by you. You acknowledge that software programs are commercially available that claim to be capable of encryption or anonymization. We make no representation or warranty regarding the effectiveness of these programs.

**G. Limitations Period:**

We each agree that any Claims must be brought within two (2) years of their accrual notwithstanding any otherwise applicable statute of limitations.

Return to top

**TERMINATION —**

**A. Termination:**

Unless you have entered into a Minimum Term Agreement and unless prohibited by Applicable Law, either you or Cox may terminate this Agreement at any time without cause by providing the other party with no less than twenty-four (24)

EXHIBIT N 1

6400 0350  NO RP 20 01212016 Y......NNY 01 000456  0003

Page 4 of 6





or removal of spam, and data usage management. We also employ other means to protect customers, children, and our network, including blocking access to child pornography.

**Customer Proprietary Network Information** – If you subscribe to Cox telephone service or any other Cox service classified as a "telecommunications service," federal law creates certain additional privacy protections and use restrictions with respect to a category of information known as "customer proprietary network information" or "CPNI." CPNI refers to the quantity, technical configuration, type, destination, location, and amount of your use of a telecommunications service that is made available to us solely by virtue of our relationship with you, as a customer. CPNI also includes information in your bills pertaining to your telephone service. CPNI does not include subscriber list information, such as your name, address and telephone number or other information that has been published in any directory format, or information that does not identify you personally. Examples of CPNI include information about your phone service found on your monthly telephone bill, the technical characteristics of your service, the class of service to which you subscribe, your current telephone charges, your long distance and local service billing records, directory assistance charges, usage data, and calling records.

We have a duty, under federal law, to protect the confidentiality of CPNI. Cox does not sell your CPNI, and your CPNI will not be disclosed to third parties outside of Cox and our affiliates, agents, joint venture partners, vendors, and independent contractors, except as required by law or detailed here.

We may use your telephone CPNI to offer our communications-related products or services that may enhance products or services to which you already subscribe. Unless you tell us otherwise within thirty days of your first receipt of this CPNI notice, we may also use your telephone CPNI to offer you communications-related products or services that are outside of the same category of service to which you already subscribe. You can restrict or withdraw the right for us to use your CPNI for these marketing purposes at any time at http://www.cox.com/privacyrequest. When you contact us, we may ask for your consent to use your CPNI in marketing our services to you at that time. This consent applies only for the duration of the call or Internet session. We will not use your CPNI for any other marketing purposes without your permission. Restricting our use of your CPNI will not affect your service. If you previously contacted us to approve or deny our use of your CPNI, we will continue to honor your request and you do not need to contact us again.

Pursuant to an order of the Federal Communications Commission (FCC), our residential Broadband Internet Access Services, such as Cox High Speed Internet service offered by Cox on a retail, mass-market basis ("Internet Service") are now classified as a "telecommunications service." Certain information relating to your use of our Internet Service will be considered CPNI and subject to additional privacy protections and use restrictions. In the absence of specific guidance from the FCC, we will take reasonable, good faith steps to protect the CPNI of our Internet Service customers in accordance with the requirements of the Communications Act, as applicable, and as described in this privacy notice. You can restrict or withdraw the right for us to use your CPNI for marketing Cox services to which you do not already subscribe or for other marketing purposes at any time by visiting http://www.cox.com/privacyrequest.

**Federal Do-Not-Call Registry Notice** – To help reduce unwanted telemarketing calls, the FCC offers telephone subscribers the opportunity to register their residential telephone numbers, including wireless numbers, on its national Do Not Call registry. You may register for the list without charge by calling the FTC at 1-888-382-1222 FREE or TTY 1-866-290-4236 FREE from the telephone number you are registering, or by going online at www.donotcall.gov. The FCC/FTC rules contain an "established business relationship" exception that permits a company that has such a relationship with you, like Cox, to call even if your number is registered.

## Annual Customer Notice 2016

### Video Service Information

**Products and Services Offered** – Cox offers a variety of video programming choices including a basic service tier (Cox TV Starter) with most of the local television broadcast stations in your area and, in most areas, an expanded basic service tier (Cox TV Essential) and other service tiers and packages that include additional cable programming services. There are many digital cable programming services and features that you may also purchase with Cox Advanced TV options, which include access to the interactive programming guide, digital music channels, and video-on-demand (OnDEMAND). Cox also offers individual premium channels and pay-per-view services for additional movies, sports and other special events. Various tiers of service offered by Cox may be sold separately or as a package with other tiers; however, as a prerequisite for subscribing to any of the video programming offered, customers are required by law to subscribe to the basic service tier.

Many of the channels included in the basic service tier are available in both an analog and a digital format, except on those all-digital Cox systems that offer channels exclusively in a digital format that may also be all encrypted.

Cox offers customers the option to rent equipment, such as cable set-top converters, remote controls and/or CableCARDs™ that may be needed to access cable services with your TV equipment. Programming services and features available may vary depending on the Cox equipment or other equipment you use to receive them. For example, converters that are not as fully featured as the advanced converters we lease (i.e., no on-demand access) may provide a more limited channel selection or may be available only to customers subscribing to the Cox basic (Starter TV) service.

Visit us at http://www.cox.com or call us at the number on your bill for more information about products and services, equipment options and pricing in your area.

**Prices, Channels and Programming Options** – A complete listing of the channel lineup and prices available to you can be found at http://www.cox.com or you may call us at the number on your bill to obtain a printed copy.

**Changes in Service or Prices** – Subject to applicable law, we may make changes to our services and prices at any time. As a Cox customer, you will generally receive notice of changes in services or prices at least 30 days in advance or in compliance with applicable laws. The notice may be provided on or with your monthly bill, in a separate mailing, on an information channel, as a newspaper legal notice, as part of this annual notice or in some other written form. Additional information regarding such notices may also be found on the Cox website.

**Installation and Service Maintenance Policies** – Standard installations are generally completed within 7 business days. Someone over 18 years of age must be home during any installation or repair of your cable television service. Cox employees and agents of Cox are required to wear a Cox employee or Cox contractor identification badge. Cox will make every reasonable effort to reschedule any missed service appointment at a convenient time for you.

**Access to Customer Premises** – By ordering service, you agree to allow employees and agents of Cox access to your premises at reasonable times to inspect and maintain the cable equipment at your service address and, upon termination of service, to remove the equipment. Cox is not deemed to have abandoned equipment that it does not remove.

**Moving** – Before you move, please call us on the phone number listed on your bill. This is the best way for us to arrange for your service to be disconnected and to schedule an installation at your new home if it is in our service area.

**How to Use Your Cable Services** – Customers may visit us at http://www.cox.com or call us at the telephone number on your bill for more information regarding the use of your Cox cable service. (Customer support is available by phone 24 hours per day, 7 days per week).

**Billing: Charges and Fees** – Your monthly Cox bill provides the charges, due date, payments and credits on your account, and may also contain special customer messages. Fees and charges are payable in advance once service is initiated. If you initiate a change in your services, you are subject to the applicable installation and/or charge associated with your new service selection. There may be a normal non-recurring administrative charge for requested service tier changes. A late fee is added to any bill amount unpaid after the due date. If your payment is made with a non-sufficient funds check or credit card, you may be charged a fee for handling. Additional information regarding your billing may be found at http://www.cox.com or you may call us at the telephone number listed on your bill.

**Disconnect Policy; Refunds/Credits** – A request to disconnect cable service can be made at any time. Billing for service will stop on the day you request the service to be discontinued, subject to billing for applicable fees and outstanding balances on Cox video and/or other services. Additionally, equipment provided to you by Cox must be returned upon disconnection of service or appropriate charges will apply.

If your request to disconnect service occurs before the end of a prepaid period, Cox will refund the prorated unused portion of the fees and charges (subject to the offsets referenced above and the return of Cox equipment). If the pro-rata unused portion is less than $5.00, Cox will make the refund on your request. If you are a Price Lock Guarantee customer and you are cancelling before the end of your term, you may owe an Early Termination Fee.

**Connecticut Customers (required notice): Video Outage Bill Credit** – Customers must notify Cox within 30 days of a video service outage affecting a customer's service that lasts 24 or more consecutive hours to receive a bill credit.

**Delinquent Accounts** – If your service is suspended or disconnected for non-payment, we require full payment of the balance and a reactivation fee and may require a deposit and a minimum of one month's service charge before reconnecting services.

**Complaint Procedures** – Customers can direct cable billing or service complaints to Cox at the telephone number listed on your bill. If you believe Cox has not properly resolved your issue, you may contact your local franchise authority. Refer to your monthly cable bill or call the local customer service number listed on your bill for the address of your franchise authority contact designated to receive consumer complaints. For customers with specific complaints regarding closed captioning, please submit written complaints to the dedicated contact at the address listed on your bill for closed-captioning complaints or email closedcaption@cox.com.

**Theft of Cable Service** – Unauthorized cable hook-up or cable theft is a crime that is punishable by fines and/or imprisonment.

**Signal Blocking Tools** – If you can see images or hear sound from scrambled premium adult or other channels that you do not subscribe to or you do not want to receive a free preview of any premium channel that Cox notifies you it is offering, you may contact Cox at the number on your monthly bill for information on tools to block the channel.

**Television Picture Quality** – If you experience problems with the quality of television signals you receive, please call us at the telephone number listed on your bill. A Cox customer service representative can often resolve your problem over the telephone. If this cannot be done, we will set up an appointment for a skilled technician to come to your home. If, in our opinion, the service technician fails to correct the reception problem, you should call us again and we will review the actions taken. Should we continue to be unable to resolve the problem to your satisfaction, we will explain the reasons we cannot solve the problem. You may also refer to your cable bill or call the local customer service number listed on your bill for the address of your franchise authority contact designated to receive consumer complaints.

**Television Equipment Compatibility** – Most modern television sets and DVRs sold in retail outlets are certified cable compatible ("cable ready" or "digital cable ready") and can receive, when connected directly to the cable service, all unencrypted television channels carried on the cable system. Cox encrypts, or "scrambles," non-basic service channels, and in some all-digital systems Cox encrypts all channels including basic services, to improve customer service and assure that services are delivered only to authorized subscribers. Encrypted channels cannot be viewed without a device that can decrypt their signals, which may be either a cable set-top converter compatible with and authorized by the Cox system providing service to you, or a certified CableCARD-compatible device purchased from a retail outlet (such as a TiVo® DVR) that is equipped with the CableCARD technology described below.

**Cable Converters** – If you have a certified cable ready or digital cable ready TV or display device, you may not need a set-top converter to receive basic services that are unencrypted. However, some models of TVs, VCRs and DVRs —especially older TV sets that are not "cable ready" — may not receive all of the channels offered when connected directly to the cable system. In addition, on Cox cable systems that have transitioned to all-digital delivery, all channels may be encrypted, including those carried as basic services. If your TV, VCR, or DVR cannot receive all of the channels you desire or the channels you want to view are encrypted, you may: (i) obtain a set-top converter from Cox at a low monthly charge; (ii) obtain a CableCARD from Cox at a low monthly charge (if your equipment is a certified CableCARD-compatible device); or (iii) purchase, if available, a different certified CableCARD-compatible device capable of accessing all the cable services you want.

If you plan to access cable services that we scramble or encrypt, you should make sure that any set-top converter, navigation device, television, or other display device you purchase is compatible with the Cox system providing service to you and is capable of working with separate security devices (i.e., CableCARDs) that we must provide for your equipment to access encrypted services delivered over Cox's cable system. Devices sold in retail outlets that are labeled as "digital cable ready" are certified to comply with the FCC technical standards and will have completed a testing and verification process, indicating that they are compatible with Cox's network. Devices purchased on the secondary market, however, such as used, imported, or stolen devices purchased from individuals or internet resellers, may never have been certified for retail sale and may be incompatible or otherwise unsafe and unsuitable for connection to the Cox network. Such devices may: (i) cause electronic or physical harm to the network; (ii) cause interference with the service provided to other customers; or (iii) jeopardize system security or otherwise be used to assist or be intended or designed to assist in the unauthorized receipt of communications services, which are criminal and civil offenses. Therefore, unless authorized or provided by Cox, the use of converters with internal or external descrambling units in a Cox system is illegal. Set-top converters, CableCARDs, and other devices offered by Cox and other cable operators generally are not interchangeable among various cable system networks because they typically incorporate firmware that is proprietary to the system in which they previously were installed, or system-specific and configured internal CableCARDs that were designed to perform conditional access functions on the specific system in which they were installed, or both. These devices may be incompatible with Cox's network and pose a heightened risk of signal theft, network harm, and interference with other customers' service, even if they are the same make and model number of a customer premises device that Cox deploys on its network. Cox reserves the right to deny the attachment of any device, other than a certified, CableCARD-compatible device, for any of the reasons discussed above. Upon request, we will provide you with the technical parameters that are needed for any device to operate with our security cards and cable system.

If you use a cable set-top converter, you also may be unable to use all the internal special features and functions of your TV or DVR tuner. These may include features that allow you to view a program on one channel while simultaneously recording a program on another channel; record two or more consecutive programs that appear on different channels; and use advanced picture generation and display features such as "Picture-in-Picture," channel review and other functions that necessitate channel selection by the device's internal tuner. You may be able to resolve these issues (and other compatibility issues associated with the reception of programming services) through an additional converter or other equipment that is available for lease from Cox upon request, or from another electronics retail vendor. Please call us at the telephone number listed on your bill for technical assistance with questions about the type of special equipment needed to resolve individual compatibility problems.

**CableCARDs** – Certified CableCARD-compatible TVs, DVRs, and other display devices are sold with a port for a CableCARD, which when properly configured can descramble encrypted channels and can substitute for a cable set-top converter. However, these devices (often referred to as UDCP devices) are generally only capable of processing "one-way" signals and therefore may be unable to access interactive or two-way services offered by Cox, such as OnDEMAND, impulse pay-per-view, and the interactive programming guide. Cox also may have deployed Switch Digital Video (SDV) technology in its system to achieve bandwidth efficiencies that enable Cox to enhance customer services. SDV is a two-way service, and the switched channels consequently cannot be accessed with UDCP devices. However, a special device called a Tuning Adapter, which Cox provides without charge, will enable some UDCPs to access SDV channels. Cox plans to support devices as they may become available at retail that are capable of supporting two-way service (which may be labeled as Tru2way) and of accessing Cox interactive services (including SDV) with a CableCARD or other security device for functionality that Cox may employ. Please visit http://www.cox.com or contact Cox customer service for more information.

**Remote Controls** – Cox includes a remote control unit with its set-top converters. Some television, VCR or DVR remote controls are also capable of controlling the basic features of your set-top converter. "Universal" remote control units that are compatible with the basic features of set-top converters may also be obtained from many other sources, such as consumer appliance, electronics outlets or over the Internet. These universal remote controls may not be compatible with certain set top features or services available from Cox in certain markets. If you have specific questions concerning where to find remote controls or their compatibility, we encourage you to contact a Cox customer service representative at the number listed on your monthly bill.

**About this Notice** – The information in this notice may change in the future. We will provide appropriate notice of any significant changes in advance so that you can make decisions about your future service needs. Customers receiving service as part of a commercial bulk rate, courtesy, public rate or similar arrangement may be subject to separate policies or procedures than those outlined herein.

**Arbitration Policy and Class Action Waiver** – The general terms and conditions for residential Cox services ("Terms") and, effective on or after June 1, 2016, the Residential Customer Service Agreement ("RCSA") which will replace the Terms, contain a class action waiver and a mandatory arbitration clause. Please read the Terms and RCSA in their entirety. Any updates to these agreements will be posted on cox.com.

SABFF07Z

EXHIBIT O



WCAG 2.1 Level AA Success Criteria

# COMPLIANCE AUDIT

For cox.com | Verdict: **Non-compliant**

accessiBe is the web accessibility **market leader,** powering the accessibility of **tens-of-thousands** of websites, from **small businesses** to industry-leading **enterprises.**

This audit evaluates the adherence level of **cox.com** as of Thu Sep 01 2022, to the "Web Content Accessibility Guidelines" (WCAG) 2.1 level AA success criteria.

Below you'll find the results for dozens of tests that focus mainly on 3 categories: **screen-reader** adjustments(for blind users), **keyboard navigation** adjustments (for the motor impaired) and **UI, design, and readability** adjustments (for the vision impaired).

This audit is subjected to the terms of service

# EXHIBIT P

California LLC Inc.                                CASE NO: 30-2019-01063705-CU-BC-CJC

probability of prevailing against the moving defendant," or face dismissal; or, (2) move for an order t "enter a 'prefiling order' that prohibits a vexatious litigant from filing any new litigation in propria person without first obtaining permission from the presiding judge." *In re Marriage of Rifkin & Carty* (2015) 23 Cal.App.4th 1339, 1345 (citing Code Civ. Proc. §§ 391.1, 391.7.) Defendant asks for both remedies.

The Court denies Defendant's request for an order to furnish security, because Defendant has not me its burden of showing that Plaintiff has "no reasonable probability of prevailing." Defendant has arguabl met this standard as to the first cause of action for violation of the Cartwright Act and the sixth cause c action for Elder Abuse, but not with respect to the second, fourth and fifth causes of action. (The thir and seventh causes of action have since been dismissed.)

Although the FAC is not a model of clarity, Plaintiff has sufficiently alleged facts that he contracted wit Defendant for an "advertised rate," but was then charged an "additional $19 per month." (FAC at ¶ 8. His prior small claims action challenged Defendant's allegedly false advertising of rates for interne service, not cable service. (FAC at ¶ 6.) As for Plaintiff's fraud claims, the Court agrees they are no (currently) pled with the requisite particularity, but this defect is curable; thus, the Court cannot fin Plaintiff has "*no reasonable probability*" of prevailing in this litigation.

Defendant's request for a "pre-filing order" is granted. As explained, above, the purpose of the vexatious litigant statutes is to "curb misuse of the court system" by "persistent and obsessive litigants." In the past three years, Plaintiff has brought, and voluntarily dismissed, well-above the statutory five case minimum to be a vexatious litigant. Further, Plaintiff confirms he targets "large corporate entities for their reputation." Although Plaintiff believes he is simply "standing up to the bullies," the incredible number of actions he has brought (and dismissed), "is nevertheless a burden on the target of the litigation and the judicial system." *Tokerud v. Capitolbank Sacramento* (1995) 38 Cal.App.4th 775, 779.

Defendant shall give notice of the ruling. Defendant shall submit the mandatory judicial council form, VL-100, for the prefiling order.

**Plaintiff dismisses the first cause of action for violation of the Cartwright Act and the sixth cause of action for Elder Abuse.**

**Plaintiff may amend the complaint although, the dismissal of the first and sixth causes of action eliminates the need to amend.**

**Defendant has 10 days to file a responsive pleading.**

**Case Management Conference continued to 10/18/2019 at 09:00 AM in this department.**

Court orders Clerk to give notice.

---

DATE: 09/05/2019
DEPT: C12                                MINUTE ORDER                                Page 3
                                                                                    Calendar No.

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**CENTRAL**

**MINUTE ORDER**

DATE: 02/04/2022                TIME: 09:30:00 AM          DEPT: C-71
JUDICIAL OFFICER PRESIDING: Gregory W Pollack
CLERK:  Terry Abas
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT:  Deputy Paul Tomcavage

CASE NO: **37-2021-00029564-CU-BT-CTL**  CASE INIT.DATE: 07/12/2021
CASE TITLE: **Marvel vs Cox Communications INC [IMAGED]**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Business Tort

---

**EVENT TYPE**: Demurrer / Motion to Strike
MOVING PARTY: Cox Communications Inc, CoxCom LLC
CAUSAL DOCUMENT/DATE FILED: Demurrer, 09/24/2021

---

**EVENT TYPE**: Motion Hearing (Civil)

---

**EVENT TYPE**: Civil Case Management Conference
MOVING PARTY: James Marvel
CAUSAL DOCUMENT/DATE FILED: Complaint, 07/12/2021

---

**APPEARANCES**
DANIEL M HATTIS, counsel, present for Plaintiff(s) via remote audio conference.
Paul Karl Lukacs, counsel, present for Plaintiff(s).
Frederick K Taylor, counsel, present for Defendant(s) via remote video conference.

The Court orally advises the parties of its tentative ruling, after which oral argument is conducted. Upon completion of oral argument, the court makes the below ruling:

I.

**INTRODUCTION**

    This is a demurrer or, in the alternative, a motion to strike, brought by defendants Cox Communications, Inc., and CoxCom, LLC (hereinafter collectively referred to as "Cox") to the first amended complaint ("FAC") of plaintiff James Marvel ("Marvel").

II.

---

DATE: 02/04/2022                         MINUTE ORDER                                Page 1
DEPT:  C-71                                                                Calendar No. 16

CASE NO: 37-2021-00029

CASE TITLE: Marvel vs Cox Communications INC
[IMAGED]

Pursuant to California Rules of Court 3.714, the Court, after having met and conferred with counsel, categorizes this case as one that will be disposed of within 12 months.

All Motions and Discovery are to be completed 11/10/22. Motion for Summary Judgment / Summary Adjudication will be heard pursuant to code. First expert exchange to be completed by 9/9/22. Second expert exchange to be completed by 9/23/22. Posting of jury fees is pursuant to code.

**DOE defendants are NOT dismissed.**

The Trial Readiness Conference (Civil) is scheduled for 11/23/2022 at 09:00AM before Judge Gregory W Pollack.

The Civil Jury Trial is scheduled for 12/09/2022 at 08:45AM before Judge Gregory W Pollack.

Estimated length of trial: 6 days

_A. Pollack_

Judge Gregory W Pollack

Case No. 3:13 v. Cox Communications INC

law, be held liable under the CLRA, the FAL, or the UCL.

CASE NO: **37-2021-00029564-CU-BT-C**

The problem with Cox's position is the FAC's plausible assertion that these two so-called surcharges are, in fact, simply service charges to provide broadcast and local sports channels. Sea Complaint at ¶¶4 and 6. According to the FAC, these two surcharges are disguised additional charge for services which Cox utilizes to charge a higher monthly rate without having to advertise the actua higher price. Simply stated, Cox cannot market a *guaranteed fixed* price for full services and the increase the price by simply labeling the charge for some services as "fees" or "surcharges."

Furthermore, to the extent that there may exist an argument that the subject two surcharges ca be properly excluded from the guaranteed price, such clearly must await the ultimate determination c the trier of fact. "Whether a practice is deceptive, fraudulent, or unfair, is generally a question of fac which requires consideration and weighing of evidence from both sides and which usually cannot be made on demurrer." *Brady v. Bayer Corp.* (2018) 26 Cal.App.5th 1156, 1164. "The question whether consumers are likely to be deceived is a question of fact that can be decided on a demurrer only if the facts allege in the complaint, and facts judicially noticed, compel the conclusion as a matter of law that consumers are not likely to be deceived." *Chapman v. Skype, Inc.* (2013) 220 Cal.App.4th 217, 226-227. *See Tillage v. Comcast Corp.* (N.D. Cal.) 2021 WL 3417940, at p. *1 ("[I]f Comcast advertised a base price for a cable package and merely noted that this price did not include 'fees' without further specification, such an advertisement could likely be deceptive because the Broadcast TV Fees and Regional Sports Fees are not the types of fees that an ordinary consumer would expect to be added to the base price (in contrast to the more typical government-imposed fees.").

Specific to the CLRA cause of action (third cause of action), however, the court finds that Cox's offer of correction to refund fees to Marvel and make no further charges for the two subject surcharges eliminates Marvel's claim for damages under the CLRA. *Kagan v. Gibraltar Savings & Loan Association* (1984) 35 Cal.3d 582, 590 ("If, within this 30-day period, the prospective defendant corrects the alleged wrongs, or indicates that it will make such correction within a reasonable time, no cause of action for damages will lie.").

The court notes that Marvel has sought public injunctive relief in addition to damages. Since the 30-day notice requirement does not apply to CLRA claims for injunctive relief (Civil Code §1782(d)), the motion to strike is granted only as to Marvel's CLRA's damage claim, leaving intact Marvel's claim for injunctive relief.

IV.

## CONCLUSION

Cox's demurrer to the first, second, third, and sixth causes of action are overruled. Cox's motion > strike the damages claim (but not the claim for injunctive relief) within the first cause of action 'CLRA") is granted.

Cox shall file its answer to the FAC on or before February 18, 2022.

## vil Case Management Conference

CASE TITLE: Marvel vs Cox Communications INC
[IMAGED]

CASE NO: **37-2021-00029564-CU-BT-CTL**

## APPLICABLE LAW

### a. Demurrer

"[I]n considering the merits of a demurrer, the facts alleged in the pleading are deemed true, however, improbable they may be." *Berg & Berg Enterprises, LLC v. Boyle* (2009) 178 Cal.App.4th 1020, 1034. However, the court does not assume the truth of "contentions, deductions, or conclusions of fact or law." *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125. The question of plaintiff's ability to prove the allegations or the possible difficulty in making such proof is of no concern to the court in ruling on a demurrer. *Alcorn v. Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 496. Moreover, a demurrer can be used only to challenge defects that appear on the face of the pleading under attack or matters outside the pleading that are judicially noticeable. *Donabedian v. Mercury Insurance Co.* (2004) 116 Cal.App.4th 968, 994.

### b. Motion to Strike

CCP §436 provides:

*The court may, upon a motion made pursuant to Section 435, or at any time in its discretion and upon terms it deems proper:*

*(a) Strike out any irrelevant, false, or improper matter inserted in any pleading.*

*(b) Strike out all or any part of any pleading not drawn or filed in conformity with the laws of the state, a court rule, or an order of the court.*

## III.

## ANALYSIS

In this action, Marvel contends that he was duped into signing up for a 2-year television and internet package for a "guaranteed" monthly price of $99.99, only to later find out that the $99.99 monthly charge was subject to additional service charges consisting of the "Broadcast Surcharge" and the "Regional Sports Surcharge."

The FAC alleges six causes of action:

1. Violation of California Civil Code §1750 ("CLRA")
2. Violation of California Business & Professions Code §17500 ("FAL")
3. Violation of California Business & Professions Code §17200 ("UCL")
4. Breach of Contract
5. Breach of the Implied Covenant of Good Faith and Fair Dealing
6. Declaratory Relief

Cox's demurrer is based upon the premise that because its $99.99/month guaranteed service agreement provision expressly excluded "fees for non-services (like taxes and surcharges)" which may change," "charges for equipment," and "applicable taxes, fees and surcharges," it cannot, as a matter of

EXHIBIT Q



*HIDDEN CABLE FEES —*

# Cox customers fight back against sneaky broadcast TV and regional sports fees

Lawyer recruits cable customers for mass arbitration that could be costly for Cox.

JON BRODKIN - 4/8/2022, 1:37 PM





Enlarge



Cable TV provider Cox is facing hundreds of arbitration demands alleging that it failed to adequately disclose its "Broadcast Surcharge" and "Regional Sports Surcharge" and that it used these fees to raise prices on customers who were promised fixed rates.

The Hattis & Lukacs law firm last night "filed 295 individual consumer arbitrations against Cox with the American Arbitration Association," representing clients in 17 of the 19 states Cox operates in, attorney Daniel Hattis told Ars. Hattis said he aims to file thousands more arbitration cases against Cox, which has an estimated 3.4 million TV customers. The arbitration filings describe claimants as "victim[s] of Cox's bait-and-switch scheme whereby the Company charges customers more for its Cable TV service plans than Cox advertised and promised."

Cox's customer service agreement has a mandatory arbitration clause, which customers can opt out of within 30 days of receiving service. "Cox is currently under




the mistaken impression that the arbitration clause is a liability shield such that they'll never have to face consequences for their past deception because class actions aren't possible, and consumers won't bother filing a bunch of individual arbitrations for $100 or so in damages," Hattis told Ars in an email.

## Seeking "refund of all payments"

Hattis is recruiting people for more arbitration filings through this webpage that says, "If you are a current or former Cox Cable TV customer, then you may have a claim for monthly overcharges." The page says Cox's broadcast and regional sports fees are $19 and $12.50 per month, respectively, and the site includes a form for potential claimants to fill out and submit.

Advertisement

**ars** TECHNICA                    SUBSCRIBE    🔍  ☰  SIGN IN ▾

**FISHER & PAYKEL**

*ARS VIDEO*

Modern Vintage Gamer Reacts To His Top 1000 Comments On YouTube



Representative arbitration filings provided by Hattis say, "Cox advertised and quoted to Claimant that the broadcast channels and/or local sports channels would be included in the advertised Cable TV

package price, when in fact Cox charged Claimant extra for those channels via disguised extra service charges on the bill which Cox calls the 'Broadcast Surcharge' and the 'Regional Sports Surcharge.'" Cox never adequately disclosed these surcharges "or that the true monthly price of the Cox Cable TV service plan would be higher than what Cox advertised and quoted" and "never adequately disclosed that the purportedly 'guaranteed' service price would be covertly increased via increases to the so-called Surcharges in the middle of a promised promotional or contractual 'guaranteed' fixed-price period," it says.

The individual arbitrations ask for refunds of all payments for the Broadcast Surcharge and Regional Sports Surcharges, for punitive damages and attorneys' fees, and for injunctions that would force Cox to change how it advertises prices.

## Arbitrations paired with lawsuit

Hattis last year filed a lawsuit against Cox with similar claims in San Diego County Superior Court; the plaintiff is a customer who opted out of Cox's arbitration agreement. Hattis said that after the lawsuit was filed, reviews of Cox's online ordering website suggested that "Cox has started including in the advertised price the amounts of the Broadcast Surcharge and Regional Sports Surcharge—and for new customers, those surcharges do not even seem to be listed as line items in the bill anymore at all. However, existing customers continued to see and pay these line-item surcharges on their bill, and for



them, the surcharges are still increased in the middle of the supposedly 'guaranteed' price-locked contract term."

Advertisement



The lawsuit moved forward, and in February, "we defeated Cox's attempt to dismiss the case, and now discovery is underway," Hattis told us. Judge Gregory Pollack's ruling said, "Simply stated, Cox cannot market a guaranteed fixed price for full services and then increase the price by simply labelling the charge for some services as 'fees' or 'surcharges.'" A jury trial was scheduled for December 2022.

The mass arbitrations are necessary, Hattis said, because the lawsuit had to be filed "as an individual public injunctive relief action—to get Cox to change its practices—due to the legal and enforceable arbitration clause in the Cox Residential Service Agreement."

"Mass arbitration is the logical culmination of the legal positions that the corporate defense bar has taken for decades as its members obtained an ever-expanding interpretation of the Federal Arbitration





Act, with the justification that large numbers of aggrieved consumers could always file large numbers of individual arbitration demands," Hattis said.

A Cox spokesperson declined comment on the arbitration cases today, saying they have not seen the filings yet. We also asked Cox about whether it still charges the broadcast TV and regional sports fees to new customers and did not get an answer.

## Fees make real price higher than advertised

Cox and other cable companies say their broadcast TV fees cover the amounts they pay for retransmission of broadcast signals and that regional sports fees cover the amounts they pay to regional sports networks that air the games of local sports teams in each market. Cox says the "Broadcast Surcharge reflects increasing costs associated with the delivery of broadcast TV stations to our customers" and that the "Regional Sports Surcharge reflects a portion of the costs associated with the delivery of regional sports networks to our customers and varies by market."

But TV providers have to pay for all sorts of programming in order to provide the core service they advertise and sell to customers. Carving out two categories of programming and charging special fees for each is a strategy cable companies use to advertise a lower price than the one customers actually pay on their monthly bills.

**STARBUCKS®**
**ON A MISSION**

# Arbitration could be costly for Cox

Hattis filed the 295 arbitration cases using the multiple-case filing system offered by the American Arbitration Association, the arbitration venue specified by Cox in its customer agreement. With the arbitration fees, Hattis said Cox would have to pay about $3,300 per arbitration, or nearly $975,000 for the 295 filed so far.

"If we sign up 3,000 arbitration clients, that would cost Cox [an] up-front $9.9 million in AAA fees," Hattis said. Hattis said he suspects Cox "will refuse to honor its contract" and will try to avoid the arbitration proceedings because "what Cox Cable actually wants and intended is a liability shield and to never have to answer for its fraud."

Hattis pointed out that DoorDash tried to do just that after receiving thousands of



arbitration claims from drivers, but a federal judge required DoorDash to honor its arbitration clause. Last year, Amazon got rid of an arbitration clause after facing 75,000 arbitration demands, apparently deciding it would rather face lawsuits than pay the arbitration filing fees. "Amazon's decision to drop its arbitration requirement is the starkest example yet of how companies are responding to plaintiffs' lawyers pushing the arbitration system to its limits," The Wall Street Journal wrote at the time.

Hattis told us that "one unusual strategy we are employing is... combining a lawsuit with mass arbitrations to box Cox in. If indeed Cox does pay for the arbitrations, then we will be able to have the benefit of having rulings against Cox in the lawsuit to guide the arbitrators." Discovery in the lawsuit could also boost customers' chances in arbitration, he said.

One advantage of mass arbitration is that plaintiffs don't "have to show [that] every class member generally had the same experience... because in arbitration, only each plaintiff's individual experience is relevant in each individual case—they aren't class actions," Hattis said.

## Cases against Comcast and Charter

Hattis previously filed a class action lawsuit against Comcast over the same types of fees. But after about four years of litigation, a US District Judge in Northern California denied a motion to certify the class. Judge Vince Chhabria found that Comcast did not violate the law because it "advertised a base price and then



explained specifically that the Broadcast
TV Fees and Regional Sports Fees would
be charged on top of that. Chhabria
wrote that this "disclosure cures the
otherwise potentially deceptive nature of
the advertisement."

Advertisement

"[I]f Comcast advertised a base price for a
cable package and merely noted that this
price did not include 'fees' without further
specification, such an advertisement
would likely be deceptive because the
Broadcast TV Fees and Regional Sports
Fees are not the types of fees that an
ordinary consumer would expect to be
added to the base price (in contrast to the
more typical government-imposed fees),"
the ruling said.

Cox, however, "did exactly what Judge
Chhabria in *Comcast* said would be
deceptive," Hattis told us. In the Cox case,
Judge Pollack cited Chhabria's reasoning
when he denied Cox's motion to dismiss.

Hattis filed a similar lawsuit against
Charter seeking class action status, but a
judge granted Charter's motion to compel
arbitration in January. Hattis called this "an



WAYNE REINER
4301 JAMBOREE RD. UNIT 245
NEWPORT BEACH, CA. 92660
8089365035
SEPTEMBER 21,2022

THE HONORABLE JAMES V. SELENA
UNITED STATES DISCTRICT COURT
11TH CIRCUIT
CENTRAL DISTRICT
SOUTHERN DIVISION
411 WEST FOURTH STREET
SANTA ANA,CA 92701

DEAR YOUR HONOR:

I am filing the action in the court under the Americans with Disabilities Act. I am visually disabled which has hindered my arbitration in my Orange County Superior Court Case. I have repeatedly formally asked for a reasonable accommodation under the ADA with the American Arbitration Association. The AaA has not responded. The American Arbitration obviously has no protocol for these requests and termed by requests "highly unusual." My entire case may now be dismissed due to misrepresentations by Defendant's attorneys and the refusal by

the American Arbitration to provide an accommodation of large print documents, and hard copies sent to me.

I have provided a detailed fact basis in my complaint and I am asking the court to intervene so that my arbitration can proceed.

I am also obligated to inform the court that in this case the Court determined that I was a vexatious litigant under CCP 391 (b) for my previous cases. The Judge overruled Defendant's demurrer and request for me to post a bond stating that my facts indicate that I may prevail.

In previous cases I sued multiple HUD landlords for apartment conditions that violated HUD standards, sue my medical insurance carrier for medication I needed to prevent another stroke. Also I sued my eye doctors blinding me in a "botched" detached retina case.

In every case the defendants settled with me for compensatory claims or medications I needed, except for the Doctors who blinded me as I missed that statute of limitations even though their notes admitted their malpractice. The Court in this case took the opinion that a "pro per" cannot accept a settlement and must take every case to trial. A legal fact I was not aware of. I have not filed any cases in Orange County Superior Court since 2019.

I attach a modified request that this case be allowed to be filed. The Orange County Superior Court has denied me access to the court when I filed three small claims cases against Air BnB, for refund a deposit, Amazon for defective product a driver who ran over my bike. Each case was for less than $300 and the court denied my access to small claims court or any

court matter per the clerk.  I have been "black listed" from the Orange County Superior Court.

No Defendant has ever sued me, counter sued me or claimed my action was frivolous.

Please allow thus case to be filed in the United Stated District Court.

Sincerely,

Wayne Reiner

VL-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: WAYNE REINER

FIRM NAME: SELF REPRESENTED

STREET ADDRESS: 4301 JAMBOREE ROAD

CITY: NEWPORT BEACH    STATE: CA    ZIP CODE: 92660

TELEPHONE NO.: 80089365035    FAX NO.:

E-MAIL ADDRESS:

ATTORNEY FOR (name): SELF

☐ COURT OF APPEAL

☐ SUPERIOR COURT

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

# UNITED STATES DISTRICT COURT
# 11TH DISTRICT
# SOUTHERN DIVISION

PLAINTIFF/PETITIONER

DEFENDANT/RESPONDENT

OTHER

## REQUEST TO FILE
## NEW LITIGATION BY VEXATIOUS LITIGANT

CASE NUMBER:

Type of case:  ☐ Limited Civil    ☐ Unlimited Civil    ☐ Small Claims
               ☐ Family Law       ☐ Probate             ☒ Other

1. I have been determined to be a vexatious litigant and must obtain prior court approval to file any new litigation in which I am not represented by an attorney. Filing new litigation means (1) commencing any civil action or proceeding, or (2) filing any petition, application, or motion (except a discovery motion) under the Family or Probate Code.

2. I have attached to this request a copy of the document to be filed and I request approval from the presiding justice or presiding judge of the above court to file this document (name of document):
   UNITED STATES DISTRICT COURT COMPLAINT

3. The new filing has merit because (Provide a brief summary of the facts on which your claim is based; the harm you believe you have suffered or will suffer; and the remedy or resolution you are seeking):
   PLAINTIFF'S CASE WAS UPHELD  UPON DEMEUR,  THE CASE WAS SENT TO ARBITRATION. TO THE AMERICAN ARBITRATION ASSOCIATION

4. The new filing is not being filed to harass or to cause a delay because (give reasons):
   THIS CASE IS BEING FILED TO PROTECT PLAINTIFFS RIGHTS UNDER THE AMERICANS WITH DISABILITIES ACT TO PROCEED FORWARD IN ARBITRATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: SEPTEMBER 21, 2022

WAYNEW REINER

(TYPE OR PRINT NAME)                                    (SIGNATURE)

Form Approved for Optional Use
Judicial Council of California

Code of Civil Procedure
www.cou



CV INT.

295

# Reusable E

TO REUSE: Mark through all previous shipping labels and barcodes.



ORIGIN ID:TWHA   (808) 936-5035
WAYNE REINER

4301 JAMBOREE RD 245

NEWPORT BEACH, CA 92660
UNITED STATES US

SHIP DATE: 21SEP22
ACTWGT: 3.80 LB
CAD: 6992774/SSF02322

BILL CREDIT CARD

TO RONALD REAGAN FEDERAL
BUILDING AND US COURTHOUSE
411 W 4TH ST #1 — 053

SANTA ANA CA 92701
(714) 338 — 4750     REF:
                     DEPT:

FedEx
Express

E



MON – 26 SEP 4:30P
EXPRESS SAVER

TRK# 2782 4961 9368
0201

CZ APVA                92701
                CA—US  SNA

Align bottom of peel-and-stick airbill or pouch here.